567 P.2d 1212

**Helen DeFRIES, a widow, Appellant,**

v.

**SCHOOL DISTRICT NO. 13 OF COCHISE COUNTY,
Arizona, Appellee.**

**No. 2 CA–CIV 2426.**

Court of Appeals of Arizona,
Division 2.

May 17, 1977.

Rehearing Denied June 20, 1977.

Review Denied July 12, 1977.

DeConcini McDonald Brammer & Yetwin, P. C. by Richard M. Yetwin, Tucson, for appellant.

Beverly H. Jenney, Cochise County Atty. by Robert M. Jarrett, Jr., Deputy County Atty., Bisbee, for appellee.

## OPINION

RICHMOND, Judge.

After teaching 14 years in the Willcox elementary schools, appellant was fired by the governing board of appellee school district. She appealed from the decision, pursuant to A.R.S. § 15–264, alleging irregularities in the proceedings prior to her dismissal. The superior court affirmed the board's action, and this appeal followed.

■ Appellant first complains that members of the commission selected pursuant to A.R.S. § 15–262(C) had not been appointed by the governing board as required by A.R.S. § 15–262(B), and thus her dismissal was invalid.[1]

The record discloses that the board at its regular meeting on November 24, 1975, three days after notice of intent to terminate appellant's contract had been sent to her by the district superintendent of schools, received appellant's request for a hearing and the name of her selection as a member of the commission, and thereupon made its selection of an additional member. The trial court found that by its action the board impliedly authorized the commission that ultimately conducted the hearing. We do not see how it could have found otherwise from those facts.

The two members then selected the third member, as provided by subsection C of A.R.S. § 15–262. The hearing commenced shortly thereafter on December 16 and continued for four days through December 19, 1975. Appellant argues that the commission was without jurisdiction to hear evidence because two of the members had not been formally appointed as required by the statute. In disposing of this contention, the trial court found as follows:

"* * * The members' selection had been made 'pursuant to the selection provided for in Subsection C', and nothing remained to be done but their formal appointment by the Board. Nothing in the statutes gives the Board any discretion to reject the teacher's selection, nor

1. § 15–262. *Request for hearing; commission; findings; review*

A. If a hearing is requested by the teacher, the hearing shall be commenced within thirty days from the date of the filing of such request. The hearing shall be conducted and a summary of findings made in accordance with the provisions of § 41–785.

B. Upon request for a hearing, a commission shall be authorized and members appointed thereto by the governing board to conduct the hearing provided for in subsection A of this section. Appointment of commission members shall be made pursuant to the selection provided for in subsection C of this section.

C. One member of the commission shall be selected by the teacher, and one member shall be selected by the governing board. The third member shall be selected by these other two members and shall be chairman and a voting member of the commission. If either the governing board or the teacher for any reason fails to select a commission member within seven

days of the filing of the request for a hearing, such failure shall constitute a waiver of the right to selection, and the county school superintendent shall immediately make a selection for the defaulting party. If the members selected by the governing board and teacher, or county school superintendent in the event of default of one or both of the parties, cannot agree within ten days of their appointment on the selection of a third member the third member of the commission shall be selected by the state personnel commission.

D. The commission findings shall be made by a majority vote of the commission and shall be rendered by a written summary containing findings of fact, determination of issues and a recommendation either that the teacher should be dismissed or that the teacher should not be dismissed.

E. The findings of the commission shall be reviewed by the governing board which shall render and, as appropriate, implement its decision.

the selection made by the teacher's selection and the Board's selection. In no way is it alleged that the 'commission's' lack of formal appointment denied the appellant an opportunity to test the good faith and sufficiency of the alleged grounds for dismissal nor prevent the hearings conducted from being 'fair and just, conducted in good faith, and dominated throughout by a sincere effort to ascertain whether good cause exists for the notice given.' *Indian Oasis School District # 40 v. Zambrano,* 22 Ariz.App. 201, 526 P.2d 408."

We concur with the trial court that under the circumstances, absent any showing of prejudice to appellant or that she was deprived of any rights, a technical deficiency does not invalidate the proceedings. *See Martin v. Dayton School District No. 2,* 85 Wash.2d 411, 536 P.2d 169 (1975).

■ Appellant's second contention is that the trial court erroneously relied upon a minute entry reflecting that any procedural defect was cured when the other two commission members were appointed formally at a regular meeting on January 6, 1976, after the close of the hearings but before the commission made its findings. An uncertified copy of the minute entry was attached to appellee's post-trial memorandum but was not received in evidence, and thus should not have been considered. Any error in this regard was harmless, however, for the reasons stated above.

■ Appellant next complains that the board's action should have been overturned because the commission heard evidence of incidents occurring prior to the 1975–76 contract year that were unrelated to any cause for termination arising during the current year. *See Tsakiris v. Phoenix Union High School System,* 18 Ariz.App. 416, 502 P.2d 1093 (1972). The trial court found otherwise. In *Tsakiris* Division I of this court stated:

" * * * This is not to say that appellant's slate has been wiped clean by the rehiring so that prior incompetency or acts of misconduct may not be considered *in conjunction with* incompetency or misconduct demonstrated in the future work of the appellant." 18 Ariz.App. at 419, 502 P.2d at 1096.

Appellant was charged with insubordination and non-cooperation, impropriety, and failure to conduct herself in such manner as to command the respect and good will of the community. The record contains evidence of episodes supporting those charges occurring both before and during the 1975–76 contract year. This was proper under *Tsakiris* and A.R.S. § 15–263(D).[2]

■ Appellant urges that her dismissal was for incompetency, regardless of the other charges, and was invalid for failure to give her the notice required by A.R.S. § 15–265.[3] She argues that "incompetency" as used in the statute is intended to encompass any fault that may be corrected within 90 days, and as authority cites cases from sev-

---

**2.** § 15–263(D). No witness shall be permitted to testify at the hearing except upon oath or affirmation. No testimony shall be given or evidence introduced relating to teaching competency which occurred more than four years prior to the date of the service of the notice. Evidence of records regularly kept by the governing board concerning the teacher may be introduced, but no decision relating to the dismissal or suspension of any teacher shall be made based on charges or evidence relating to teacher competency occurring more than four years prior to service of the notice. The four-year time limit shall not apply to the introduction of evidence in any area except that relating to competency.

**3.** § 15–265 *Notice prior to charges of incompetency.*

The governing board of any school district shall not formulate any charges of incompetency against a continuing or probationary teacher unless during the preceding term, semester or half school year prior to the date of the notice to the teacher of intention to dismiss and at least ninety days prior to the date of the notice, the board or its authorized representative has given the teacher written notice of incompetency, specifying the nature thereof with such specific instances of behavior and with such particularity as to furnish the teacher an opportunity to correct his faults and overcome the grounds for such charge. The written notice of intention to dismiss shall include a copy of any evaluation pertinent to the charges made and filed with the board.

eral jurisdictions in which "incompetency" has been broadly interpreted as a ground for dismissal. However, those cases are inapposite. A.R.S. § 15–253, which defines the procedure for dismissal of a tenured teacher like appellant, in subsection B specifically designates "unprofessional conduct" as an alternative to "incompetency" as a basis for dismissal. The record raises no question of appellant's academic competency or teaching ability; her dismissal was recommended by a two to one majority of the commission based on instances of insubordination and unprofessional conduct in her relations with parents and her third grade pupils. Further, the commission majority specifically noted in its findings that "frequent conferences, numerous reprimands and recommendations were given to Mrs. DeFries by administrators with little continued or consistent effort on her part to rectify inadequacies."

Appellant's remaining contentions attack the sufficiency of the commission majority's findings, and irregularities after conclusion of the hearings which she alleges deprived her of procedural due process. While the majority's findings do not comply literally with A.R.S. § 15–262(D), in that they lack specific findings of fact, we believe there is substantial compliance in the listing of various incidents, with citations to the transcript of proceedings, in support of each charge on which dismissal was recommended.

On cross-examination of the superintendent of schools at the hearing, it was brought out that appellant had not been suspended as permitted by A.R.S. § 15–254. After the hearing concluded but before the commission rendered its findings, the superintendent sent a letter notifying appellant of her suspension, with copies to members of the commission. There is nothing in the record to suggest the commission considered this obvious attempt to mitigate the effect of the superintendent's failure to suspend appellant earlier, and we concur with the trial court that the superintendent's act did not deprive her of a fair hearing.

Appellant's final complaint relates to assistance rendered the commission by the county attorney's office, which also represents the appellee school district, in preparing its findings. The record reflects that the findings were revised following their initial submission, in an attempt to comply with A.R.S. § 15–262(D), and that the two members of the majority conferred with appellee's attorney and the superintendent of schools, respectively, regarding the statutory requirement. There was no discussion of the evidence and the conversations were reported to appellant's attorney. The matter was submitted by affidavit to the trial court, which found it insufficient to reverse the board's decision. We agree.

Affirmed.

HOWARD, C. J., and HATHAWAY, J., concur.