605 P.2d 462

**Daniel CERVANTEZ, Plaintiff/Appellee,**

**v.**

**MORENCI PUBLIC SCHOOLS (MORENCI SCHOOL DISTRICT NO. 18 OF GREENLEE COUNTY); Morenci Public Schools Board of Trustees; Carl Forstrom, Paul Crow and Hector Ruedas, in their representative capacities, Defendants/Appellants.**

**No. 2 CA–CIV 3261.**

Court of Appeals of Arizona, Division 2.

Nov. 13, 1979.

Rehearing Denied Dec. 19, 1979.

Review Denied Jan. 15, 1980.

James A. Ullman, P. C. by James A. Ullman, Phoenix, for plaintiff/appellee.

DeConcini, McDonald, Brammer, Yetwin & Lacy, P. C. by William B. Hanson and John R. McDonald, Tucson, for defendants/appellants.

RICHMOND, Chief Judge.

Daniel Cervantez, a probationary, nontenured teacher in the Morenci Public Schools, received timely notice that he would not be reemployed for the 1978–79 school year. He commenced a special action in superior court to compel his reemployment on the ground that the school board had not given him the preliminary notice required by A.R.S. § 15–252 and § 15–265 when the intention not to reemploy a teacher is based on charges of inadequacy of classroom performance. In a separate count he also alleged that the school board's action did not comply with the open meeting law, A.R.S. § 38–431, et seq. Without addressing the latter contention, the trial court granted Cervantez's motion for summary judgment, expressly finding "that the reasons given by the defendant for not renewing plaintiff's employment constituted inadequacy of classroom performance" and "that the defendant failed to timely serve upon the plaintiff the required notice of classroom inadequacy required by law." We disagree and vacate the summary judgment, remanding the case for a determination whether the school board's action was null and void under A.R.S. § 38–431.05 for violation of the open meeting law.

A probationary teacher is a "certificated teacher" whose contract as a full-time classroom teacher has not been renewed for a fourth consecutive year by the employing school district. A.R.S. § 15–251. Insofar as

pertinent to this case, statutes governing the procedure for terminating employment of a probationary teacher require the governing board or superintendent of the school district to give notice on or before April 15 of the board's intention not to reemploy the teacher for the next school year. A.R.S. § 15–252(A). The notice shall incorporate a statement of the reasons for not reemploying the teacher. § 15–252(C). "If the reasons are charges of inadequacy of classroom performance, the board, or its authorized representative, shall, at least ninety days prior to such notice, give the teacher written preliminary notice of his inadequacy, specifying the nature thereof with such particularity as to furnish the teacher an opportunity to correct his inadequacies and overcome the grounds for such charge." § 15–252(C); see also § 15–265.

By letter from the superintendent of Morenci Public Schools dated March 14, 1978, Cervantez was informed:

> This letter is to inform you that you *will not* be re-employed in Morenci School District for the 1978–79 school year. Your employment with Morenci School District will terminate at the end of the 1977–78 school year. This decision was made at the school board meeting held February 16, 1978.
>
> This action is necessary because of the following reason:
>
> 1. Failure to follow regulations and procedures set by the administration. Example: Individual educational programs were not completed and turned in to the appropriate supervisor on the date requested.

■ We are unable to agree with the trial court that this notice can be interpreted as a charge of inadequacy of classroom performance. It raises no question of Cervantez's academic competency or teaching ability but instead charges insubordination or unprofessional conduct. *Cf. DeFries v. School District No. 13 of Cochise County*, 116 Ariz. 83, 567 P.2d 1212 (App.1977) (distinguishing "incompetency" and "unprofessional conduct" under former A.R.S. § 15–253 governing dismissal of continuing, ten-

ured teacher). The March 14 letter complied with the notice requirement of § 15–252(C) and the reason given for terminating Cervantez's employment is not so unreasonable, arbitrary or capricious as to confer special action jurisdiction on the courts to review the action of the school board. *See Chesley v. Jones*, 81 Ariz. 1, 299 P.2d 179 (1956).

■ Cervantez contends that another letter dated January 12, 1978, from the principal of his school, though ineffective as the preliminary notice required by § 15–252 and § 15–265 because not given by "the board, or its authorized representative," supports the trial court's finding that defendants' reason for not reemploying him was inadequacy of classroom performance. The principal's letter, after informing Cervantez "of the possibility that you may not be recommended for re-employment," lists as "deficiencies" not only the failure to complete and submit the individual educational programs cited as an example in the superintendent's March 14 letter but the need for a closer working relationship with "regular classroom teachers and the Director of Special Education Services regarding students enrolled in your Resource Program." Whether or not the latter statement constitutes a charge of inadequate classroom performance, it would not preclude the defendants from terminating Cervantez's employment on another ground without the necessity of the preliminary notice specified in A.R.S. § 15–252(C) and § 15–265.

Reversed and remanded for further proceedings.

HOWARD and HATHAWAY, JJ., concur.