609 P.2d 582

**Frances GORDON, Petitioner/Appellee,**

v.

**SANTA CRUZ VALLEY SCHOOL DIS- TRICT NO. 35; and the Board of Educa- tion of Santa Cruz Valley School Dis- trict No. 35, real parties in interest, Re- spondents/Appellants.**

**No. 2 CA–CIV 3361.**

Court of Appeals of Arizona, Division 2.

Jan. 31, 1980.

Rehearing Denied March 12, 1980.

Gaynes & Rockafellow, P.C. by Leighton H. Rockafellow, Tucson, for petitioner/ap- pellee.

Richard N. Groves, Santa Cruz County Atty. by William Rothstein, Deputy County Atty., Nogales, for respondents/appellants.

OPINION

HOWARD, Judge.

This is an appeal from an order in a special action. The trial court found that Mrs. Gordon's teaching contract was auto- matically renewed pursuant to A.R.S. Sec. 15–252 because the school board failed to follow the provisions of the Teacher Tenure Act, A.R.S. Sec. 15–251, et seq., in dismiss- ing her.

The board contends that since the proce- dural errors were either harmless technical- ities or caused by Mrs. Gordon the trial court erred. We affirm.

On February 22, 1979, Mrs. Gordon, a continuing teacher, apparently struck a pu- pil who was disrupting the class. The next day Superintendent Jesus Santana mailed her a letter stating that she was suspended without pay until the school board met on February 27, 1979. The letter stated that

the reasons for suspension involved the use of corporal punishment.

The school board met on February 27, 1979 and the following day Mr. Santana sent Mrs. Gordon another letter stating that the school board had voted to suspend her without pay and that a hearing would be held on March 8, 1979. The reasons for suspension stated in this letter were the same as those in the letter of February 23. On March 2, Mrs. Gordon's attorney sent a letter to Mr. Santana in which it was pointed out that Mrs. Gordon was a continuing teacher and that if the letter of February 27, 1979 was intended to be a dismissal notice under A.R.S. Sec. 15–253(A), it was defective.

On March 2, 1979, Mr. Santana sent a letter to Mrs. Gordon cancelling the hearing date of March 8, 1979 and stating that she had four weeks from February 23, 1979 to request a hearing. On March 14, 1979, Mr. Santana sent Mrs. Gordon another letter in which he stated that the school board was going to dismiss her at the expiration of 30 days. The reasons for dismissal were the same as those previously given as the reasons for suspension.

On April 16, 1979, the school board received in the mail Mrs. Gordon's request for a hearing pursuant to A.R.S. Sec. 15–253 in which she also selected a Mr. Robert Gary as her member of the hearing commission.

On May 15, 1979 the attorney for Mrs. Gordon was notified that the commission hearing would be held the next day at 9:00 a. m. at Tumacacori, Arizona. The attorney then phoned Mr. Gary, told him that his client was not going to be there and that he was going to file a special action in superior court. Mr. Gary then phoned one of the other commission members and they both decided it would be futile to go to Tumacacori for the hearing.

A special action was filed on May 16, 1979. At 9:45 a. m. an order was entered enjoining the holding of the hearing which was to have commenced at 9:00 a. m.

A.R.S. Sec. 15–253(A) provides:

"Upon a written statement of charges *formulated by the governing board,* charging that there exists cause for the dismissal of a continuing teacher of the district, *the governing board shall,* except as otherwise provided in this article, give notice to the continuing teacher of its intention to dismiss him at the expiration of thirty days from the date of the service of the notice." (Emphasis added)

At the hearing of the special action Mr. Santana testified:

"Q. Was there any determination reached at the board meeting following February 23, 1979 as to whether or not the board desired to dismiss Frances Gordon?

A. The only instructions given to me was to proceed with our County Attorney as to the matter and he would handle it.

Q. How were you to proceed? What was the intention of the procedure?

A. Going, according to the Arizona Revised Statutes, the following procedure.

Q. Is it your testimony, sir, that there was no decision made at the board meeting that occurred on or about February 27 that the board never came to the conclusion that it was their intention that they wanted to dismiss Frances Gordon?

A. To dismiss? Again I state it was left up to the administration and to the County Attorney whatever he would advise us on."

It is clear that under A.R.S. Sec. 15–253(A) it is the governing board which decides whether a continuing teacher is going to be dismissed and formulates the written statement of the charges, and not the county attorney or the administration. Since the charges were formulated and the decision to dismiss was made by the superintendent and the county attorney in direct contravention of the statute no valid notice of dismissal was ever served upon Mrs. Gordon. The court correctly determined that her contract was automatically renewed.

Affirmed.

HATHAWAY, C. J., and RICHMOND, J., concur.