612 P.2d 1076

**Wesley PECK, Plaintiff-Appellant,**

v.

**BOARD OF EDUCATION OF YUMA UNION HIGH SCHOOL DISTRICT, Defendant-Appellee.**

**No. 1 CA–CIV 4535.**

Court of Appeals of Arizona,
Division 1,
Department A.

April 22, 1980.

Rehearing Denied May 19, 1980.

Review Denied June 17, 1980.

Engler & Engler, by Richard D. Engler, Yuma, for plaintiff-appellant.

Ronald F. Jones, Yuma, for defendant-appellee.

## OPINION

FROEB, Presiding Judge.

Appellant, a probationary teacher whose employment contract was not renewed by the appellee Board of Education (board), brought suit charging that the board had failed to comply with the terms of A.R.S. § 15–252. Both parties moved for summary judgment. The trial court granted the board's motion and denied the appellant's motion.

Since the facts of the present case are undisputed, the only question before us is whether the trial court's legal conclusions are correct. The evidence reveals the following. On January 12, 1978, appellant was notified by the superintendent of the school district that his classroom performance was inadequate and that he would not be recommended to receive a teaching contract for the next year unless by April 15, 1978, he corrected his inadequacies. On April 13, 1978, the superintendent sent appellant a letter stating that "[T]he Yuma Union High School District does not intend to offer a contract of reemployment to you for the 1978–79 school year." Thereafter, on April 17, 1978, the board ratified the action of the superintendent in not offering appellant a new contract.

The present case is governed by A.R.S. § 15–252, which, on April 13, 1978, read, in pertinent part:

§ 15–252. Offer of contract to probationary or continuing teacher; acceptance; notice to probationary teacher of intention to terminate

A. [T]he governing board shall, between March 15 and May 15, offer a teaching contract for the next ensuing school year to each probationary teacher . . . unless, on or before April 15, the governing board, a member thereof acting on behalf of the board or the superintendent of the school district, gives notice to the probationary teacher *of the board's intention not to offer a teaching contract* . . . . .

B. *Notice of the board's intention* not to reemploy a probationary teacher shall be by delivering it personally to the teacher or by sending it by registered or certified mail bearing a postmark of on or before April 15, directed to the teacher at his place of residence as recorded in the school district records. The notice shall incorporate a statement of reasons for not reemploying the teacher. (emphasis added)

■ A.R.S. § 15–252 specifically allows the school district board to delegate to its superintendent the ministerial task of *giving notice* to a probationary teacher of the board's intention to not renew the contract of that teacher.

■ However, unless timely notice is given to a probationary teacher of the board's intention not to renew the contract, the teacher's contract is renewed automatically. *School District No. 6 of Pima County v. Barber*, 85 Ariz. 95, 332 P.2d 496 (1958); *Palicka v. Ruth Fisher School District No. 90 of Maricopa County*, 13 Ariz.App. 5, 473 P.2d 807 (1970). The notice was given by the superintendent on April 13, 1978, but it was not until April 17, 1978, that the board took any kind of action on the matter. At that time, it acted to ratify the notice given by the superintendent.

In an affidavit, the board stated that for many years it had delegated to the superintendent the determination of whether probationary teachers would be offered reemployment contracts, subject only to subsequent ratification or nonratification at an open meeting of the board. This delegation was formally made in a resolution adopted by the board on February 19, 1973.

Thus, the precise issue before us is whether the board could delegate to its superintendent the discretionary power to determine whether contracts for probationary teachers should be renewed. The recent opinion of our Supreme Court in *Karol v. Board of Education Trustees, Florence Unified School District Number One of Pinal County*, 122 Ariz. 95, 593 P.2d 649 (1979), is of importance. There, four probationary teachers' contracts were not renewed in a public meeting of that board which followed an earlier valid executive session of

the board. At the public meeting, the four teachers' names were not read aloud, but instead they were simply attached to the minutes of the public meeting. Our Supreme Court stated at 122 Ariz. 96–97, 593 P.2d 650:

A.R.S. § 15–252 provides in part that the board shall offer a teaching contract for each probationary teacher unless on or before April 15 the board gives notice to the teacher of its "intention" not to offer a teaching contract. *The formulation of the intention not to offer a contract, the teachers argue, is a "legal action"* within the meaning of A.R.S. § 38–431(2) [1] and must therefore be taken

[1] A.R.S. § 38–431(2), as amended, 1974 Ariz. Sess.Laws, ch. 196, § 1, provides:

*"Legal action" means a collective decision, commitment or promise made by a majority of the members of a governing body consistent with the constitution, charter or bylaws of such body, and the laws of this state.* NOTE: Although we are dealing with provisions some of which have been subsequently amended, we do not believe those changes alter our reasoning or holdings in any way.

during a public meeting in conformity with A.R.S. § 38–431.01.[2] We agree and

[2] A.R.S. § 38–431.01(A), as amended, 1975 Ariz.Sess.Laws, ch. 48, § 1, provides:

All official meetings at which any legal action is taken by governing bodies shall be public meetings and all persons so desiring shall be permitted to attend and listen to the deliberations and proceedings. (emphasis added)

so hold.

While the quoted language from *Karol* does not specifically reach the issue presented here, it indicates the court's recognition that "the board's intention" is to be a *collective* determination of the board.

■ The power initially to employ a teacher is vested in the board under A.R.S. §§ 15–443 and 15–545. A.R.S. § 15–252 provides for the renewal or nonrenewal of a probationary teacher's contract as a product of "the board's intention." The cardinal principle of statutory interpretation is to follow the plain and natural meaning of the statute's language to ascertain the intention of the legislature. *Dearing v. Arizona Department of Economic Security*, 121 Ariz. 203, 589 P.2d 446 (App.1978). By specifically calling for an expression of "the board's

intention," the legislature has indicated that the nonrenewal of a probationary teacher's contract is to be the collective decision of a majority of the board. To allow the board to delegate this function would circumvent the language of the statute. Therefore, we hold that the discretion vested in the board by A.R.S. § 15–252 is not delegable to its superintendent. Our conclusion is consistent with similar decisions in other jurisdictions. *Hueman v. Independent School District No. 77, Grand Meadow*, 243 Minn. 190, 67 N.W.2d 38 (1954); *State v. Barberton Board of Education*, 148 Ohio St. 242, 74 N.E.2d 246 (1947); *Paprocki v. Board of Education of McHenry Community High School District No. 156*, 31 Ill.App.3d 112, 334 N.E.2d 841 (1975). *See also, Noe v. Edmonds School District No. 15 of Snohomish County*, 83 Wash.2d 97, 515 P.2d 977 (1973); *Big Sandy School District No. 100–J, Elbert County v. Carroll*, 164 Colo. 173, 433 P.2d 325 (1967), and 78 C.J.S. *Schools and School Districts*, § 201(b), pp. 1076–1077.

■ The sole remaining issue is whether the board's "ratification" at its April 17, 1978, meeting of the action taken by the superintendent on April 13, 1978, is sufficient to satisfy the requirements of A.R.S. § 15–252. Since the action of the board occurred two days after April 15, 1978, we hold that it could not operate retroactively to comply with the statutory deadline.

The judgment of the superior court is reversed and this case is remanded for further proceedings consistent with this opinion.

CONTRERAS and DONOFRIO, JJ., concur.