613 P.2d 311

Carl H. ORTH, a married man, Plaintiff-Appellant,

v.

PHOENIX UNION HIGH SCHOOL SYSTEM NO. 210; Dr. V. A. Dunham, Ms. Mary K. Carr, Ms. Ruth Finn, Mr. Hank Tom, Ms. Florence Whitmore, in their respective capacities as the Board of Education of Phoenix Union High School System No. 210, Defendants-Appellees.

No. 1 CA–CIV 5047.

Court of Appeals of Arizona, Division 1, Department B.

May 13, 1980.

Rehearing Denied June 24, 1980.

Review Denied July 8, 1980.

James A. Ullman, P. C. by James A. Ullman, Phoenix, for plaintiff-appellant.

---

Froimson & Knoller, Ltd. by Guy David Knoller, Phoenix, for defendants-appellees.

## OPINION

EUBANK, Presiding Judge.

The sole issue in this appeal is whether the School Board complied with A.R.S. § 15–265 in dismissing appellant for classroom inadequacy. The statute has never been construed by an Arizona court.

Appellant Carl Orth has been a tenured teacher in the Phoenix Union High School System (the District) since 1965. In June, 1977, the District adopted a teacher evaluation program as required by A.R.S. § 15–268. Appellant was evaluated under the program in the Fall of 1977, and received unsatisfactory ratings in some teaching areas. A more extensive evaluation of appellant was performed on December 2, 1977. Appellant received unsatisfactory ratings in 15 of 85 areas of evaluation which resulted in an overall unsatisfactory rating, and a recommendation that he not be retained. As part of this evaluation, appellant also received a list of objectives for improvement with a target date of March 14, 1978. The evaluation was not accompanied by a letter or other notice regarding appellant's future employment by the District. On January 9, 1978 however, appellant received the following letter from Doris Moten, his principal:

Dear Mr. Orth:

Since the purpose of teacher assessment and evaluation is for the improvement of instruction and learning experiences of students, as well as the growth of the teacher, it was determined, as a result of your initial evaluation on October 24, 1977, that the purposes indicated above could best be achieved by the utilization of the Form B instrument for follow-up evaluation procedures.

The Form B evaluation team, Tom Valeski, Robert Anderson, and I, jointly outlined on Form C some specific goals/objectives for improvement for you over the next ninety-day period, commencing on December 2, 1977.

You have already received the documents which identify those specific objectives for improvement, how the objectives can be achieved, and the target date for demonstrating that improvement has occurred, however, this letter is intended to serve as a reminder.

If there is any way in which I can be of assistance to you, please let me know.

Sincerely,

Doris J. Moten

(Mrs.) Doris J. Moten,

Principal

Appellant was reevaluated in March 1978, and on April 12, 1978, he received a notice of intent to dismiss from the president of the District School Board which stated that the Board intended to dismiss him 30 days later, because of his classroom inadequacy.

Appellant requested a hearing pursuant to A.R.S. § 15–262, and one was held on May 18, and June 12, 1978. On July 6, the hearing commission recommended dismissal, and appellant received an official notice of dismissal on July 19, 1978. Appellant subsequently filed this suit in Superior Court, seeking reinstatement.

■ Appellant's sole contention in the trial court, and on appeal, is that the District failed to comply with A.R.S. § 15–265 in that he did not receive a preliminary notice of inadequacy. A.R.S. § 15–265 provides:

A. The governing board of any school district shall give any continuing or probationary teacher notice of intention to dismiss or not to reemploy if such intention is based on charges of inadequacy of classroom performance. *The board, or its authorized representative, shall, at least ninety days prior to such notice, give the teacher written preliminary notice of his inadequacy, specifying the nature thereof with such particularity as to furnish the teacher an opportunity to correct his inadequacies and overcome the grounds for such charge.* The written notice of intention to dismiss or not to reemploy shall include a copy of any evaluation pertinent to the charges made and filed with the board.

B. *If the preliminary notice required in subsection A of this section is issued as a result of an intention to dismiss, such preliminary notice shall be given at least ninety days prior to service of notice of the intention to dismiss.* If the preliminary notice is issued as a result of an intention not to reemploy, such preliminary notice shall be given no later than January 15. Added Laws 1977, Ch. 164, § 6. (Emphasis added).

The District argues that either the evaluation of December 2, 1977, or the Moten letter of January 9, 1978 was a preliminary notice of classroom inadequacy issued more than 90 days before the April 12, 1978 notice of intent to dismiss. We disagree.

In our opinion, the January 9th letter fails to meet the statutory requirements for a preliminary notice of inadequacy. It gives no indication that it is a preliminary notice of inadequacy, and instead is referred to as a reminder. Moreover, the letter does not contain a list of appellant's deficiencies " . . . specifying the nature thereof with such particularity as to furnish the teacher an opportunity to correct his inadequacies and overcome the grounds for such charge." A.R.S. § 15–265(A).

[2] Turning to both the January 9th letter and the December 2, 1977 evaluation, the statute requires that the preliminary notice of inadequacy must be issued by the school board or its authorized representative. *Id.* Appellant contends that there is no evidence in the record to demonstrate that principal Moten was authorized by the Board to issue preliminary notices of inadequacy. Appellee contends however that such authorization is contained in Section V(F) of the Teacher Assessment and Evaluation Manual of June, 1977. That section provides:

All evaluations and recommendations will be reviewed by the principal, who will take appropriate action on the evaluation.

In our opinion, this is insufficient to show that Principal Moten was authorized by the Board to issue preliminary notices of inadequacy. The section does not even mention

such notices. We therefore hold that neither the December 2, 1977 evaluation, nor the Moten letter was issued by the Board or its authorized representative as required by A.R.S. § 15–265. Our Supreme Court has held that the notice provisions in another section of the Teacher Tenure Act, (of which A.R.S. § 15–265 is a part) must be strictly followed. *See School District Number 6 of Pima County v. Barber*, 85 Ariz. 95, 332 P.2d 496 (1958).

Accordingly, the judgment of the trial court is reversed.

HAIRE and O'CONNOR, JJ., concur.