705 P.2d 473

Judith PRICHARD, Plaintiff-Appellant,

v.

BOARD OF EDUCATION, HOLBROOK SCHOOL DISTRICT NO. 3; Maynard V. Davenport, Myrna Fairbanks, Lamarr Farr, Letife Koury, Myron Maxwell, members of the Board of Education of Holbrook School District No. 3; Luther Flick, Superintendent, Holbrook School District No. 3; Mildred Johnson, Principal, Holbrook School District No. 3; Maynard V. Davenport, Myrna Fairbanks, Lamarr Farr, Letife Koury, Myron Maxwell, Luther Flick and Mildred Johnson, Defendants-Appellees.

No. 1 CA–CIV 6887.

Court of Appeals of Arizona,
Division 1, Department B.

April 9, 1985.

Review Denied Aug. 20, 1985.

234

Hufford and Horstman, P.C. by C. Benson Hufford, Flagstaff, for plaintiff-appellant.

Mangum, Wall, Stoops & Warden by Daniel J. Stoops, Flagstaff, for defendants-appellees.

## OPINION

GRANT, Judge.

This appeal is brought by a teacher from a judgment finding that she was not entitled to a renewal of her teaching contract with Holbrook School District No. 3 for the 1979–80 school year. The following issues are raised:

1. Whether the teacher was entitled to a preliminary notice of the inadequacy of classroom performance pursuant to A.R.S. § 15–252(C) and § 15–265(A) [repealed by Laws 1981, Ch. 1, § 1; now A.R.S. § 15–536(B) and § 15–538(A) as amended by Laws 1983, Ch. 281 §§ 6 and 9].

2. Whether such notice was given by an authorized representative of the school board.

3. Did the letter of January 5, 1979 set forth with sufficient particularity the grounds for charging the teacher with inadequacy of classroom performance?

4. Were the defendants required to re-evaluate the teacher prior to the board's action?

5. Was the April 10, 1978 letter to the teacher effective notice of the governing board's intention not to renew her teaching contract?

6. Was the board's action in not renewing the contract arbitrary and capricious and did it constitute an unlawful delegation of a board function?

This action was submitted to the Navajo County Superior Court on an agreed statement of facts and exhibits. Briefly stated, the pertinent facts are as follows:

Judith Prichard was employed by Holbrook School District No. 3 (the district) as a certificated teacher for three consecutive years beginning with the school year 1976–77. Had Ms. Prichard's teaching contract been renewed for the 1979–80 school year, she would have attained tenure. See former A.R.S. § 15–501(A)(2), now A.R.S. § 15–501(A)(3).

Ms. Prichard's immediate supervisor was Mildred Johnson, principal of Pittman School. On January 5, 1979, Ms. Johnson delivered a letter to Ms. Prichard giving her notice of inadequacies as follows:

[Y]ou have failed to maintain appropriate student conduct; you have not provided effective classroom management; you have shown a disregard for punctuality; you have used poor judgment in working with students.

The letter was signed by Ms. Johnson and Luther Flick, superintendent of the district. No evaluations, documents or supporting materials were attached to the letter. However, in February, 1979 Ms. Prichard met with Ms. Johnson to discuss the letter.

On April 10, 1979, Ms. Prichard received a letter signed by Superintendent Flick which stated in part:

This letter is to officially inform you that your contract of employment with the Holbrook Public Schools will not be renewed for the 1979–80 school year. The reasons for not renewing your contract are:

You have failed to maintain appropriate student conduct

You have not provided effective classroom management

You have shown a disregard for punctuality

You have used poor judgement in working with students.

The letter also stated that copies of past evaluations were attached.

Prior to April 10, 1979, the district governing board had neither discussed nor taken any action relating to Ms. Prichard's employment with the district. At its meeting of April 12, 1979, the governing board, without discussion, voted to approve a general recommendation made by Superintendent Flick concerning several personnel matters including the nonrenewal of Ms. Prichard's contract. The evidence is conflicting as to whether Ms. Prichard was informed of the April 12, 1979 board meeting. In any event, she did not attend the meeting nor did she receive written notification of the governing board's action.

On the last day of the 1978–79 school year, Ms. Johnson conducted a second evaluation of Ms. Prichard in response to a letter from Ms. Prichard's attorney stating that the district had failed to comply with the evaluation requirements for probationary teachers.

The board took no action to renew Ms. Prichard's contract and Ms. Prichard commenced this lawsuit seeking a court order to require the district to offer her a contract for the 1979–80 school year. The trial court entered judgment on October 6, 1982 in favor of the school district and the individually named school administrators and board members. This appeal followed.

Ms. Prichard contends that she was entitled to a written preliminary notice of inadequacy of classroom performance 90 days prior to a notice of intent not to reemploy her. She argues that the January 5, 1979 letter did not constitute proper notice because: (1) it was not issued by an authorized representative of the district governing board and (2) it was not sufficiently specific to comply with the statutory notice requirements of A.R.S. §§ 15–252(C) and 15–265(A) (now §§ 15–536(B) and 15–538(A) respectively).

## ENTITLEMENT TO PRELIMINARY NOTICE

■ We consider first whether Ms. Prichard was entitled to a preliminary notice. A.R.S. § 15–252(C), at times pertinent to this appeal, provided in part:

If the reasons [for dismissal or nonrenewal of a teaching contract] are charges of inadequacy of classroom performance, the board, or its authorized representative, shall, at least 90 days prior to such notice, give the teacher written preliminary notice of his inadequacy, specifying the nature thereof with such particularity as to furnish the teacher an opportunity to correct his inadequacies and overcome the grounds for such charge.

A.R.S. § 15–265(A), at times pertinent to this appeal, provided:

The governing board of any school district shall give any continuing or probationary teacher notice of intention to dismiss or not to reemploy if such intention is based on charges of inadequacy of classroom performance. The board, or its authorized representative, shall, at least ninety days prior to such notice, give the teacher written preliminary notice of his inadequacy, specifying the nature thereof with such particularity as to furnish the teacher an opportunity to correct his inadequacies and overcome the grounds for such charge. The written notice of intention to dismiss or not to reemploy shall include a copy of any evaluation pertinent to the charges made and filed with the board.

The district argues that the trial court correctly found that the district was not required to give Ms. Prichard preliminary notice because one of the reasons for its failure to renew her contract was not based on inadequacy of classroom performance. Specifically, it points to that portion of the April 10, 1979 letter which states "you have shown a disregard for punctuality."

It argues that "disregard for punctuality" is either insubordination and unprofessional conduct, rather than inadequacy of classroom performance.

Our supreme court defined insubordination in *School District No. 8, Pinal County v. Superior Court*, 102 Ariz. 478, 433 P.2d 28 (1967) as follows:

> Insubordination imports a willful disregard of express or implied directions of the employer and a refusal to obey reasonable orders [citation omitted] and lack of cooperation is characteristically a subtle species of insubordination. Both terms are descriptive of a class of censurable practices destructive of the efficiency of the employer's organization.

102 Ariz. at 480, 433 P.2d at 30. *See also Siglin v. Kayenta Unified School Dist. No. 27*, 134 Ariz. 233, 236, 655 P.2d 353, 356 (App.1982).

Ms. Prichard argues that there is nothing in the record to indicate that the letter's reference to "punctuality" was related in any way to a willful disregard of directions or lack of cooperation. She also maintains that there is no evidence that it was related to any acts of "unprofessional conduct."

The district points to a written October 1978 evaluation that indicates Ms. Prichard was late in response to deadlines for turning in reports or appearing for duty assignments. However, there is nothing in the record to demonstrate that this evaluation was considered by the board. Board members testified to receiving a copy of a letter from the superintendent to Ms. Prichard but did not indicate whether the evaluations referenced as attachments were included in their materials.

We are faced with a record that demonstrates board action based only on the April 10, 1979 and possibly the January 5, 1979 letter without any open discussion of the reasons. Depositions of board members reflect that their individual actions were based on the general feeling that the administration ought to be supported on personnel matters. To the extent that any board members recalled the basis for the nonrenewal, they referred to the educational progress of Ms. Prichard's pupils.

The district relies on the case of *Cervantez v. Morenci Public Schools*, 124 Ariz. 484, 605 P.2d 462 (App.1979). In *Cervantez*, the letter of nonrenewal came directly from the governing board stating that its reason for not renewing the contract was "(f)ailure to follow regulations and procedures set by the administration." The teacher in *Cervantez* relied upon a prior letter which he had received from the principal of his school, which stated that Cervantez needed to establish a closer working relationship with "regular classroom teachers and the Director of Special Education Services regarding students enrolled in your Resource Program." He argued that this proved he was fired for inadequate classroom performance and was entitled to a 90-day preliminary notice. Division 2 of this court concluded that even if the principal's letter was a charge of inadequate classroom performance, it did not preclude the board from terminating Cervantez' employment on other grounds as stated in the letter from the school board. The district argues that *Cervantez* stands for the proposition that a preliminary notice of intent not to reemploy is not required where *any* of the reasons given by the board are unrelated to classroom performance. We adopt the reasoning in *Cervantez* and agree with the district that the preliminary notice was not required in this case because the charge of lack of punctuality was unrelated to classroom performance. *Simard v. Bd. of Educ. of the Town of Groton*, 473 F.2d 988 (2nd Cir.1973); *Fulton v. Dysart Unified School District No. 89*, 133 Ariz. 314, 651 P.2d 369 (App.1982).

In any event it appears that the preliminary notice was valid even as to alleged classroom deficiencies.

## WAS NOTICE GIVEN BY AN AUTHORIZED REPRESENTATIVE OF THE BOARD?

As to the second issue raised on appeal we hold that the preliminary notice was given by an authorized representative

of the school board. Both parties agree that the governing board did not expressly direct Superintendent Flick or Ms. Johnson to give Ms. Prichard a preliminary notice of inadequacy of classroom performance. Nevertheless, the district argues that Superintendent Flick was their authorized representative based upon two written board policies. Board Policy 5–200 states in part:

Authority and responsibility for the management of the Holbrook Schools in accordance with board-adopted policies and legal requirements of the State of Arizona shall be delegated to the Holbrook Public School superintendent.

Board Policy 5–204 further provides:

The powers and duties delegated to the superintendent of schools shall be executed in accordance with the policies adopted by the Board. All acts performed by the superintendent which assume a "discretionary judgment" shall be subject to review and final approval by the Board, unless specific authority by the Board has authorized such acts to be executed in a particular manner.

\* \* \* \* \* \*

The authority to suspend may be delegated to supervisory staff personnel, but in no case shall the recommendation for dismissal be the responsibility of anyone but the superintendent.

Ms. Prichard argues that neither of these two policies grant specific authorization to the superintendent to issue preliminary notices of classroom inadequacy and further that Board Policy 5–204 requires that a preliminary notice of classroom inadequacy, a discretionary act, requires board approval.

The board delegation of authority to the superintendent contained in Board Policies 5–200 and 5–204 is sufficient to demonstrate that Superintendent Flick was authorized to issue preliminary notices of inadequate classroom performance. Although Ms. Prichard relies on *Orth v. Phoenix Union High School System No. 210*, 126 Ariz. 151, 613 P.2d 311 (App.1980) to support her contention that the January 5th letter was not given by the "authorized representative" of the board, we believe *Orth* is distinguishable from the present case. In *Orth* the preliminary notice was given by the school's principal, not by the superintendent of the district, as here. Moreover the sole authority which purportedly gave the principal power to issue such notices was a clause in the school's Teacher Assessment and Evaluation Manual found to be totally insufficient. Here notice was issued by the superintendent of the district pursuant to legal action adopted by the district. The board plainly delegated the authority to issue preliminary notices of inadequacy of classroom performance to the superintendent. *Peck v. Bd. of Educ. of Yuma Union High School Dist.*, 126 Ariz. 113, 612 P.2d 1076 (App.1980).

## PARTICULARITY OF THE JANUARY 5TH LETTER

■ Ms. Prichard contends that the January 5, 1979 letter did not set forth the grounds for charging her with inadequacy of classroom performance with sufficient particularity to comply with the provisions of A.R.S. § 15–252(C) and § 15–265(A). We hold that the reasons, although not detailed, state the inadequacies of the teacher with sufficient particularity to enable her to correct them and overcome the grounds for the charge. *See Tilton v. Southwest School Corp.*, 151 Ind.App. 608, 281 N.E.2d 117 (1972). Moreover, the discussion between Ms. Johnson, the principal and Ms. Prichard in February, 1979 provided Ms. Prichard with specific examples of her substandard conduct.

## WERE THE DEFENDANTS REQUIRED TO RE-EVALUATE THE TEACHER?

■ Ms. Prichard argues next that the defendants were required to re-evaluate her before the governing board could validly act not to renew her teaching contract. The district responds that any failure to evaluate Ms. Prichard in a formal manner prior to the April 15 deadline for nonrenewal does not vitiate the power of the board not to renew her contract. *Haverland v.*

**238**

*Tempe Elementary School Dist. No. 3,* 122 Ariz. 487, 595 P.2d 1032 (App.1979). We agree with the holding in *Haverland* that the teacher evaluation program does not take precedence over the specific statutory deadline of April 15 for notification of non-renewal of probationary teachers.

### WAS THE LETTER OF APRIL 10 EFFECTIVE NOTICE?

 Ms. Prichard contends that the April 10, 1979 letter was not effective notice of nonrenewal of her teaching contract. She relies on *Peck v. Bd. of Education of Yuma Union High School District.* In *Peck,* the court held that the school board's ratification of action of the superintendent, after the statutory deadline for giving notice to teachers of nonrenewal of the contracts, could not operate retroactively to comply with the statutory deadline. *Peck* however is distinguishable from the case before us. Here the board's action not to renew occurred on April 12, three days before the statutory deadline and two days after the notice of intent was given to the teacher. The board chose to adopt the superintendent's letter of April 10, 1979 as its own and was not required by statute to give Ms. Prichard a second written notice prior to April 15.

### WAS THE BOARD'S ACTION ARBITRARY AND CAPRICIOUS AND DID IT CONSTITUTE AN UNLAWFUL DELEGATION OF ITS DUTY?

Ms. Prichard relies upon the cases of *Gordon v. Santa Cruz Valley School Dist.,* 125 Ariz. 312, 609 P.2d 582 (App. 1980) and *Knollmiller v. Welch,* 128 Ariz. 34, 623 P.2d 823 (App.1981) for the proposition that the board's decision violated her substantive due process right to a decision which was not arbitrary and capricious. As the district points out both the cases involve discharge of a tenured teacher and not the nonrenewal of the contract of a probationary teacher. Since the preliminary notice to Ms. Prichard was valid, the board was entitled to act upon the question of renewal at the April 10, 1979 meeting.

The decision not to renew the contract complied with former A.R.S. § 15–252. The reasons given for the nonrenewal of the teaching contract were reasonable, not arbitrary and capricious. Limited as they are, the rights of the probationary teacher under Arizona law were adequately observed by the board.

The judgment is affirmed.

GREER, Acting P.J., and FROEB, J., concur.