750 P.2d 857

Evangeline WHEELER,
Plaintiff–Appellant
Cross Appellee,

v.

YUMA SCHOOL DISTRICT NO. ONE OF YUMA COUNTY, Arizona; and Wade Noble, Mary Otondo, Robert E. Kelly, Ron Watson, Kitti Braden, the Board of Trustees of Yuma School District No. One, Defendants–Appellees Cross Appellants.

No. 1 CA–CIV 8737.

Court of Appeals of Arizona,
Division 1,
Department B.

Nov. 25, 1986.

Wm. Michael Smith, P.C. by Wm. Michael Smith and Mary E. White, Yuma, for plaintiff-appellant/cross appellee.

Jones, Skelton & Hochuli by Georgia A. Staton, Phoenix, and Hunt, Stanley, Hossler & Rourke by Douglas Stanley, Yuma, for defendants-appellees/cross appellants.

OPINION

GREER, Judge.

The primary issue on this appeal is whether a school district was required to offer a teaching contract for the next school year to a teacher who was not given a notice of inadequacy of classroom performance pursuant to A.R.S. §§ 15–536(B) and 15–538(A).

Evangeline Wheeler was hired by Yuma School District No. One to replace a teacher who had become ill during the school year. Wheeler's contract provided that her teaching duties commenced on January 30, 1984 and ended on May 31, 1984. During this time, she taught six mathematics classes at Gila Vista Junior High School.

On March 21, 1984 Wheeler was sent copies of teacher evaluation forms and a letter from the school principal, John D. Boykin. The letter and evaluation contained critical comments regarding Wheeler's teaching performance. The following day Boykin sent a letter to the district superintendent in which he recommended that Wheeler should not be offered a contract for the next school year. Boykin's letter set forth the following reasons for his recommendation:

1. Poor communications skills in dealing with students and parents.
2. Lack of classroom organization skills.
3. Lack of classroom control and the resulting disciplinary problems.

Wheeler received a memo from the district dated March 27, 1984 advising her of Boykin's recommendation and setting the matter for an April 12, 1984 district board meeting. The board voted not to offer Wheeler a contract for the 1984–85 school year.

On November 21, 1984 Wheeler commenced this litigation against Yuma School District No. One and the individual members of the district board. Her complaint alleged that the district had failed to give her a ninety-day notice of inadequacy of classroom performance required by A.R.S. §§ 15–536(B) and 15–538(A) before deciding not to offer her a new contract. She sought relief requiring the board to offer her a probationary teaching contract for the school year 1984–85 or, in the alternative, an award of reasonable damages.

Both parties filed motions for summary judgment. By order dated June 4, 1985 the trial judge denied the motions. The order included the determination that Wheeler was a probationary teacher and was entitled to a preliminary notice of inadequate classroom performance. However, the order stated further that preliminary notice was not required if reasons other than inadequate classroom performance were the basis of the district's failure to offer Wheeler a new contract. The court found that the three reasons contained in Boykin's letter of March 22, 1984 related to classroom performance "with the possible exception of 'poor communications skills in dealing with ... parents.' " The order concluded that "it cannot be determined from the present state of the record whether this is a genuine issue of material fact."

The district later supplemented its motion with affidavits from parents, Boykin, and school board members. These affidavits described the kinds of problems involved in Wheeler's contact with parents. Wheeler supplemented her motion with the affidavit of an expert. Both parties renewed their motions for summary judgment and on October 18, 1985 the trial court entered judgment granting the district's motion. The district filed a motion for attorney's fees which was denied. Wheeler has appealed from the judgment in favor of the district and the district has cross-appealed from the order denying attorney's fees.

Arizona Revised Statutes §§ 15–536(B) and 15–538(A) require a school district to give a probationary teacher a written preliminary notice of inadequacy of classroom performance at least ninety days prior to giving notice of an intention not to reemploy. In *Prichard v. Board of Education,* 146 Ariz. 233, 236, 705 P.2d 473, 476 (App. 1985), this court considered these statutes, and concluded that a preliminary notice of intent not to reemploy is not required where *any* of the reasons given by the board are unrelated to classroom performance. *See also, Cervantez v. Morenci Pub. Sch., Etc.,* 124 Ariz. 484, 605 P.2d 462 (App.1979).

■ It is undisputed that Wheeler was not given a written notice ninety days prior to the board's decision not to renew₄ her contract on April 12, 1984. The district contends that this was not necessary be-

cause one of the reasons for the board's action was that Wheeler did not communicate well with parents and that this reason was unrelated to her classroom performance. Wheeler contends that because her communications with parents involved what was happening to children in her classroom, it was related to classroom performance. The trial court apparently concluded that these communications did not constitute inadequate classroom performance and therefore the district did not have to give a ninety-day preliminary notice. We agree.

 We note that the school district also seeks to uphold the judgment for the following reasons which were rejected by the trial court: (1) Wheeler was not a probationary teacher and (2) Wheeler was equitably estopped from asserting a right to notice. Wheeler argues that this court is without jurisdiction to consider these cross issues because they are not designated in the notice of cross appeal. This is clearly incorrect. Since the judgment is in the district's favor, it is not an aggrieved party and cannot cross-appeal from that judgment. Where an appellee seeks to uphold a judgment for reasons supported by the record but different from the reasons relied upon by the trial court, the proper procedure is to designate them as cross issues. *See generally* 1 *Arizona Appellate Handbook* § 3.2.2.2 (2d ed. 1986) and cases cited therein. However, although we have jurisdiction to consider the cross issues, we find it unnecessary to reach them.

Wheeler's position that "classroom performance" extends to out-of-class conferences with parents is not supported by citation to any legal authority. She relies upon an affidavit of a professor of secondary education at the University of Arizona. The affidavit states that skill in communicating with parents is an integral part of a teacher's classroom performance. It further states that communication with parents can enable the teacher to more properly assist the child in the classroom and may provide parents with information which they may use to assist their child at home.

"Classroom performance" is not defined in A.R.S. §§ 15–536 and 15–538. However, in *Cervantez, supra,* the court concluded that Cervantez' failure to follow regulations or procedures set by the administration could not be interpreted as a charge of inadequacy of classroom performance. The court went on to state that, "It raises no questions of Cervantez' academic competency or teaching ability but instead charges insubordination or unprofessional conduct." *Id.* 124 Ariz. at 486, 605 P.2d at 464. This implies that the phrase "classroom performance" relates solely to what transpires within the classroom environment and encompasses the teacher's mastery of the subject and the teacher's ability to teach it.

There may be many skills including communicating with parents which impact on a teacher's performance in the classroom. However, it is the adequacy of the performance itself which is the subject of the statute, not all factors influencing that performance. Thus, the definition of "classroom performance" is to be narrowly construed. The criticism of Wheeler in regard to parental communications involved parent-teacher conferences in which Wheeler allegedly was unable to explain her position clearly. We find this activity too remote from classroom activities to be equated with "classroom performance." The inability to communicate effectively with parents is not directly related to Wheeler's teaching ability or competence within the field of mathematics. Accordingly, based on *Prichard, supra,* we conclude that the district was not required to give Wheeler a preliminary notice of inadequacy of classroom performance as a prerequisite to refusing to offer a contract for the following school year.

We turn next to the district's cross appeal from the denial of its award of attorney's fees. The granting or denying of attorney's fees pursuant to A.R.S. § 12–341.01(A) in an action arising out of contract is entirely within the discretion of the trial judge. *Associated Indem. Corp. v. Warner,* 143 Ariz. 567, 694 P.2d 1181 (1985).

■ The district contends that the trial court abused its discretion because there is no basis in the record from which this court can conclude that the trial court reasonably exercised its discretion. We disagree.

■ While preferably a better practice, it is not necessary for the trial court to state the reason for its denial of attorney's fees on the record. *Id.* at 571, 694 P.2d at 1185. In that case, the supreme court listed several factors which may assist a trial judge in determining whether attorney's fees should be granted under the statute. Such reasons include extreme hardship to the unsuccessful party, the merits of the claim presented by the unsuccessful party, and whether such claim had been previously adjudicated. *Id.* at 570, 694 P.2d at 1184. There is sufficient evidence in the record that extreme hardship could result from an assessment of attorney's fees against Wheeler. Further, some of the issues raised concerning the meaning of "classroom performance" and the applicability of the ninety-day notice provision to a teacher hired in mid-year have not been addressed in an appellate decision. We find no abuse of discretion by the trial court.

The district has also requested an award of attorney's fees on appeal. In the exercise of our discretion, we deny the district's request.

The judgment of the trial court is affirmed.

CORCORAN, J., concurs.

KLEINSCHMIDT, Judge, specially concurring.

I concur in the result reached by the majority but only because I do not believe the requirement for ninety-days written notice provided for in A.R.S. § 15–536(B) applies to a teacher hired within the notice period. I do not, however, share the majority's reliance on the rule of *Prichard v. Board of Education* to the effect that if any reason underlying an intent not to re-employ is unrelated to classroom performance the ninety-day notice is not required. That is a mischievous rule. It is an invita-

tion to school boards to salt their reasons for not re-hiring with factors, however trivial, that will circumvent the notice requirements of the statute. Instead, I would fashion a rule to the effect that notice under the statute is required where the primary reason for not re-hiring is based on classroom performance and in so doing I would adopt a broader definition of classroom performance than the majority does in this case.

I agree entirely with the majority's disposition of the cross-appeal.