623 P.2d 823

**Kathryn KNOLLMILLER, Plaintiff/Appellee,**

v.

**John S. WELCH, Richard A. Scott, Edgar Butterbaugh, James E. Gibson, and Nancy Thomas, the duly constituted Board of Education/Trustees of the Amphitheater Public Schools, Defendants/Appellants.**

**No. 2 CA–CIV 3623.**

Court of Appeals of Arizona, Division 2.

Nov. 24, 1980.

Rehearing Denied Jan. 2, 1981.

---

Gaynes & Rockafellow, P. C. by Alex A. Gaynes and Leighton H. Rockafellow, Tucson, for plaintiff/appellee.

Johnson, Dowdall & Payne by Tanis A. Duncan and Richard J. Dowdall, Tucson, for defendants/appellants.

## OPINION

HATHAWAY, Chief Judge.

The Board of Education of Amphitheater Public Schools appeals from a judgment of the superior court reinstating appellee, a tenured teacher, who had been dismissed by the board after a hearing commission convened under A.R.S. Sec. 15–262 had found, after a three-day evidentiary hearing, that good cause was not shown for her dismissal and recommended she not be dismissed.

The board raises five issues on appeal. We affirm on the basis of the first: May the board override the findings of the hearing commission without reviewing the evidence presented to that commission?

The Arizona Teachers' Tenure Act is a limitation on the power of school boards to terminate employment contracts of continuing teachers. *Carlson v. School District No. 6 of Maricopa County*, 12 Ariz.App. 179, 468 P.2d 944 (1970). Due process rights are guaranteed by the Fourteenth Amendment's protection of liberty and property. *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Those rights are afforded a tenured teacher through an evidentiary hearing before a neutral hearing commission pursuant to A.R.S. Sec. 15–262. Formerly, dismissal hearings were held by the board, which then acted as the authority for hiring, accusing, fact finding and adjudicating. Under the present procedure, the hearing commission conducts a hearing and makes a summary of findings in accordance with the provisions of A.R.S. Sec. 41–785. The commission findings are to be made by a majority vote and "... shall be rendered by a written summary containing findings of fact, determination of issues and a recommendation either that the teacher should be dismissed or that the teacher should not be dismissed." A.R.S. Sec. 15–262(D). The findings of the commission serve as the basis for the board's decision in the matter as provided in A.R.S. Sec. 15–262(E), which states:

"The findings of the commission shall be reviewed by the governing board which shall render and, as appropriate, implement its decision."

A.R.S. Sec. 15–264 provides in part:

"The decision of the governing board may, on appeal of a continuing teacher, be reviewed by a court of competent jurisdiction in the same manner as the decision made in accordance with the provisions of Sec. 41–785."

■ The superior court may not substitute its determination of good cause for that of the board, but must review the board's action on the basis of whether it is arbitrary, capricious or an abuse of discretion. *Board of Education v. Lammle*, 122 Ariz. 522, 596 P.2d 48 (App.1979). To better comprehend the proceedings from the outset, we set forth the following, extracted from the hearing commission's findings and decision:

## "FINDINGS OF FACT

1. That there is insufficient evidence to support the allegation of lack of proper presentation to pupils of subject matter or school work.

2. That there is insufficient evidence to support the allegation of inability to control class and maintain reasonable order and discipline.

3. That there is insufficient evidence to support the allegation of inadequacy of classroom performance.

4. That there was no compliance with the procedures outlined in the Certificated Staff Handbook of September, 1977 as set forth under Observation and Evaluation Deadlines on page 21, items 3 and that portion of item 6 which provides for notice of incompetency at least 90 days prior to March 1.

## DETERMINATION OF ISSUES

1. That good cause was not shown for dismissal on the grounds of lack of proper presentation to pupils of subject matter or school work.

2. That good cause was not shown for dismissal on the grounds of inability to control class and maintain reasonable order and discipline.

3. That good cause was not shown for dismissal on the grounds of inadequacy of classroom performance.

## RECOMMENDATION

That Mrs. Kathryn Knollmiller not be dismissed."

Two days after the commission finished hearing evidence on the matter and submitted its findings and recommendation to the board, the board met at a special meeting, after notifying appellee, and decided not to follow the hearing commission's recommendations. The board voted to dismiss appellee. The minutes of that meeting reflect that Dr. Neel, the superintendent, ". . . stated that it was the opinion of the administration that the decision of the commission is not a finding of fact, and upon examination of documentation it is the opinion of Mr. Allegra (principal of Harelson School, where appellee taught), Dr. Williams (associate superintendent of instruction), Mr. Strachan (associate superintendent of staff relations) and himself that there exists sufficient reason for dismissal of a continuing teacher. It is, therefore, the recommendation of the administration that the commission's findings be rejected, and that Kathryn Knollmiller be dismissed."

During discussion, the minutes reflect that:

"Board members stated that this is the first occasion to be required to act on the recommendation of the commission hearing. The Board was advised that its decision must be rendered on this date. Board members commented that it was their opinion that the State Statutes are unfair in that the Board members are not permitted to attend the hearing, but must make their decision based solely upon a split decision of the commission."

■ A board member moved that the board not accept the recommendation of the commission, and that the board not issue another contract to appellee. The motion was seconded and the moving board member explained, ". . . that he feels the commission system is new and perhaps not the correct process. He stated that he knew the Board's representative, Mr. Lawrence Cross (the dissenting vote on the hearing commission's findings and recommendation), had had many years of teaching and administrative experience and knew the

teaching standards the district. [sic]" This board member also expressed his confidence in the principal and administrators of the district who had made the recommendation to dismiss. One member opposed the motion because he felt that due process should be followed. The motion carried with this one dissenting vote.

The board had no transcript before it. The minutes show that it reached its conclusion on information presented to it outside of the record of the commission. This procedure is not permissible.

█ Although the board is the decision maker on whether to retain or dismiss a tenured teacher for cause, that decision should be founded upon the record of the hearing commission. We conclude that the board acting arbitrarily and wrongfully in this matter. Although we are not confronted with the question in the instant appeal, it has been held that hearing panel findings are binding on the board of education; however, its findings as to ultimate facts, such as whether statutory standards for dismissal of tenured teachers have been established by the evidence, are not binding on the board. See *Blair v. Lovett*, 196 Colo. 118, 582 P.2d 668 (1978). The board in the instant appeal expressed some concern over the conclusory nature of the hearing commission's findings. If, indeed, a legitimate concern exists as to the lack of specificity of findings of fact disabling the board from making a decision, the board should remand the case to the commission for more specific findings. Id.

Affirmed.

HOWARD and RICHMOND, JJ., concur.