IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| THE STATE OF ARIZONA, | ) | |
| | ) | 2 CA-CR 2008-0073 |
| Appellant, | ) | DEPARTMENT B |
| | ) | |
| v. | ) | O P I N I O N |
| | ) | |
| ANTHONY SANCHEZ BEJARANO, | ) | |
| | ) | |
| Appellee. | ) | |
| | ) | |

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. CR-20071837

Honorable Richard Nichols, Judge

DISMISSED

Barbara LaWall, Pima County Attorney
  By Jacob R. Lines                                             Tucson
                                                   Attorneys for Appellant

David W. Basham                                                 Tucson
                                                   Attorney for Appellee

E S P I N O S A, Judge.

¶1        Before trial, appellee Anthony Bejarano filed a motion pursuant to Rule 15.7, Ariz. R. Crim. P., to preclude the state's witnesses from testifying if the state did not timely comply with its disclosure obligations.  The trial court eventually granted that motion as to

one key witness, finding the state had failed to arrange a pretrial interview of that witness and that precluding the witness was an appropriate sanction. Following this order, the trial court declined Bejarano's request to dismiss the case with prejudice but granted the state's motion to dismiss without prejudice. The state now appeals the order precluding its witness.

¶2 This court may not address an issue or provide relief if it lacks jurisdiction to do so and we have an independent duty to ensure that we have jurisdiction before addressing the merits of any claim raised on appeal. *See Ruesga v. Kindred Nursing Ctrs., L.L.C.*, 215 Ariz. 589, ¶ 8, 161 P.3d 1253, 1257 (App. 2007). The state asserts this court has jurisdiction pursuant to Ariz. Const. art. VI, § 9; A.R.S. § 12-120.21(A)(1); and, specifically, A.R.S. § 13-4032(6), which provides the state may appeal from "[a]n order granting a motion to suppress the use of evidence." Because our jurisdiction is limited by statute, *Hanania v. City of Tucson*, 123 Ariz. 37, 38, 597 P.2d 190, 191 (App. 1979), we may only consider the state's appeal if we can fairly characterize Bejarano's motion to preclude the state's witness under Rule 15.7 as a "motion to suppress" within the meaning of § 13-4032(6). We review this question of law and statutory interpretation *de novo*. *See State v. Guadagni*, ___ Ariz. ___, ¶ 13, 178 P.3d 473, 477 (App. 2008).

¶3 Our supreme court has squarely addressed the jurisdictional question presented here. In *State v. Lelevier*, 116 Ariz. 37, 38, 567 P.2d 783, 784 (1977), it interpreted the scope

of A.R.S. § 13-1712(7), the statute subsequently renumbered as § 13-4032(6).[1] The court rejected a broad reading of the statute's reference to "[a]n order granting a motion to suppress" evidence and concluded the provision did not authorize the state to appeal directly "any court ruling which sustains an objection to evidence before, during or after trial." *Lelevier*, 116 Ariz. at 38, 567 P.2d at 784. In describing the scope of the jurisdiction granted in § 13-1712(7), the court held: "A motion to suppress challenges only *the constitutionality of the obtaining of evidence by the state* and it is made before trial begins." *Id.* (emphasis added).

¶4        Here, the state appeals the trial court's ruling on Bejarano's pretrial motion for sanctions under Rule 15.7. But that motion did not challenge the acquisition of the state's evidence on constitutional grounds. Therefore, the court's order precluding the state's witness from testifying did not constitute "[a]n order granting a motion to suppress" pursuant to § 13-4032(6), and this court does not have jurisdiction of the state's appeal on that statutory basis. Further, because the state dismissed the charges against Bejarano before trial commenced, the state cannot appeal the court's order under any other subsection of this statute. *See Litak v. Scott*, 138 Ariz. 599, 601, 676 P.2d 631, 633 (1984) (state may not appeal order granting its own motion to dismiss).

---

[1] *See* 1969 Ariz. Sess. Laws, ch. 133, § 11 (amending former § 13-1712 to allow appeal of suppression orders); 1977 Ariz. Sess. Laws, ch. 142, § 162 (renumbering § 13-1712 as § 13-4032); 1991 Ariz. Sess. Laws, ch. 229, § 6 (amending statute and renumbering subsection (7) as current subsection (6)).

¶5        Although we find *Lelevier* controlling, we acknowledge we have not always vigilantly enforced its holding.  On several occasions, this court has ruled on appeals by the state from trial court orders that were not appealable under *Lelevier*, without any discussion or citation to case law concerning its jurisdiction to do so.  *See State v. Lopez*, 180 Ariz. 209, 210, 883 P.2d 446, 447 (App. 1994) (accepting state's appeal from order precluding hypnotized police officers from testifying), *aff'd in part, vacated in part*, 181 Ariz. 8, 887 P.2d 538 (1994) (not addressing jurisdictional issue); *State v. Burciaga*, 146 Ariz. 333, 334, 705 P.2d 1384, 1385 (App. 1985) (accepting appeal from "order granting defendant's motion to suppress statements made by the defendant in connection with . . . a presentence report in a prior unrelated case"); *State v. Kozlowski*, 143 Ariz. 137, 138, 692 P.2d 316, 317 (App. 1984) (accepting appeal from order granting "motion *in limine* . . . to suppress the State's evidence" of revocation of out-of-state driver's license); *State v. Mitchell*, 136 Ariz. 386, 387, 666 P.2d 486, 487 (App. 1982) (accepting consolidated appeals from orders granting defendants' "motion[s] *in limine* seeking to suppress the state's evidence" of revocation of out-of-state driver's licenses).

¶6        In a supplemental brief invited by this court, the state points out that Division One of this court concluded that the state's right to appeal under former § 13-4032(7), the predecessor to § 13-4032(6), was "not limited to the suppression of illegally-obtained evidence," and any ruling on a defendant's motion that "ha[s] the effect of prohibiting the state from using certain evidence" is a motion to suppress within the meaning of the statute.

4

*State v. Rodriguez*, 160 Ariz. 381, 382-83, 773 P.2d 486, 487-88 (App. 1989) (*Rodriguez II*).

However, we may not disregard or modify the law as articulated by the Arizona Supreme

Court, *see State v. Sullivan*, 205 Ariz. 285, ¶ 15, 69 P.3d 1006, 1009 (App. 2003), and our

reexamination of *Rodriguez II* leads us to conclude its reasoning was not well anchored in

our supreme court's jurisprudence.

¶7        In *Rodriguez II*, the court justified its departure from *Lelevier* by relying

primarily on the Arizona Supreme Court's unrelated decision in *State v. Rodriguez*, 126 Ariz.

28, 612 P.2d 484 (1980) (*Rodriguez I*).[2]  There, our supreme court characterized a motion in

limine as the functional equivalent of a motion to suppress to explain how the former motion

might be procedurally authorized under Rule 16, Ariz. R. Crim. P., a rule promulgated by the

supreme court.  *See Rodriquez I*, 126 Ariz. at 30, 612 P.2d at 486.  But the supreme court in

*Rodriguez I* did not purport to address the scope of appellate jurisdiction over an appeal by

the state, much less the meaning of the phrase "suppress the use of evidence" as used in

§ 13-4032(6).  And we are skeptical that our supreme court intended in *Rodriguez I* to

abrogate its prior holding in *Lelevier* only three years after that case was decided, in an

appeal by the defendant rather than by the state, and without addressing either *Lelevier* or the

---

[2]The *Rodriguez II* court also cited three cases in which Division One had ruled upon appeals by the state in violation of *Lelevier*, without having addressed and apparently overlooking the jurisdictional issue.  *See Rodriguez II*, 160 Ariz. at 382-83, 773 P.2d at 487-88.

5

language of the jurisdictional statute in issue. *See Id.*, 126 Ariz. at 29-30, 612 P.2d at 485-86.[3]

¶8        In *Rodriguez II*, the court of appeals also distinguished *Lelevier*, observing that case "only involved an issue of suppressing illegally-obtained evidence and did not necessarily consider other potential appeals by the state." *Rodriguez II*, 160 Ariz. at 382, 773 P.2d at 487. But we do not read the supreme court's reasoning in *Lelevier* so narrowly. To the contrary, the *Lelevier* court specifically rejected as "specious" the suggestion that the phrase "motion to suppress" in the predecessor to § 13-4032(6) encompassed "any court ruling which sustains an objection to evidence." *Levelier*, 116 Ariz. at 38, 567 P.2d at 784. Unfortunately, the court's reasoning in *Rodriguez II* depends on precisely that erroneous interpretation of the phrase. In short, we cannot follow *Rodriguez II*, because its holding cannot be harmonized with our supreme court's reasoning in *Lelevier*.[4]

---

[3]In *Rodriguez I*, the court's holding did not depend on the meaning of the phrase "motion to suppress," and the court did not expressly comment on motions in limine as guidelines for dealing with these motions in the future, much less for determining appellate jurisdiction over appeals by the state. Rather, the court apparently undertook its discussion of motions in limine merely to clarify that such motions are legally cognizable and subject to appellate review, even though they are "not provided for by name in either our criminal or civil rules of procedure." *Rodriguez I*, 126 Ariz. at 30, 612 P.2d at 486.

[4]Although we dismiss this appeal for lack of jurisdiction in accordance with *Lelevier*, we also note we would be compelled to dismiss on alternative, independent grounds as well. Assuming *arguendo* that *Rodriguez I* abrogated the law as set forth in *Lelevier*, *Rodriguez I* would apply, by its terms, only to motions in limine that are "not provided for by name" in the rules of procedure. 126 Ariz. at 30, 612 P.2d at 486. We interpret language in rules and statutes as carrying a special meaning when the context reveals this to be the drafters' intent. *See State v. Taylor*, 216 Ariz. 327, ¶ 20, 166 P.3d 118, 124 (App. 2007); *State v. Oaks*, 209 Ariz. 432, ¶ 10, 104 P.2d 163, 165 (App. 2004). Here, Bejarano's motion for sanctions

6

¶9     Not only do we thus find the holding of *Lelevier* intact but we also believe it

represents the most cogent interpretation of the language in § 13-4032(6). Until 1969, the

state could not appeal from any adverse evidentiary ruling in a criminal matter unless the

defendant had been convicted and had appealed from the judgment. *See* Ariz. Code 1939,

§ 44-2508(d); *see also* Ariz. Rev. Code 1928, § 5136. The legislature, in effect, limited the

state to challenging unfavorable evidentiary rulings on cross-appeal, which is still the general

rule under our current statute. *See* § 13-4032(3) (state may appeal "[a] ruling on a question

of law adverse to the state when the defendant was convicted and appeals from the

judgment"). This limitation reflects that criminal appeals by the state have been historically

disfavored. *See State ex rel. McDougall v. Gerber*, 159 Ariz. 241, 242, 766 P.2d 593, 594

(1988).

¶10    In 1969, however, the legislature amended the predecessor statute of

§§ 13-4032 and 13-1712, to enable the state to appeal an order "granting a motion to suppress

---

sought to preclude the state's witness pursuant to Rule 15.7(a)(1), Ariz. R. Crim. P.
"Sanctions" and "preclu[sion]" are terms expressly provided under Rule 15.7(a)(1) and carry
special meaning in the discovery context. *See Black's Law Dictionary* 1124 (7th ed. 1999)
(defining "preclusion order" as "[a]n order barring a litigant from presenting or opposing
certain claims or defenses for failing to comply with a discovery order"). The absence of
these terms from both § 13-4032(6) and Rule 16 strongly suggests that an order granting a
motion to preclude evidence under Rule 15.7 is distinct from an order granting a "motion to
suppress" and, consequently, cannot be appealed by the state, even if other types of in limine
rulings are amenable to appellate review. *See also State ex rel. McDougall v. Tvedt*, 163
Ariz. 281, 282-83, 787 P.2d 1077, 1078-79 (App. 1989) (describing unpublished supreme
court order ruling predecessor to § 13-4032(6) did not allow state to appeal exclusion of
evidence for disclosure violation).

the use of evidence" regardless of whether a final judgment of conviction had been entered. 1969 Ariz. Sess. Laws, ch. 133, § 11. This significant amendment to the code followed landmark constitutional decisions applying exclusionary rules to the states, making evidence obtained in violation of a defendant's constitutional rights generally inadmissible at trial. *See e.g. Miranda v. Arizona*, 384 U.S. 436, 444-45 (1966) (holding evidence obtained through interrogation inadmissible unless person in custody advised of constitutional rights to remain silent and to consult attorney during questioning); *Mapp v. Ohio*, 367 U.S. 643, 654-55 (1961) (holding evidence obtained by unconstitutional search or seizure inadmissible in state courts).

¶11        In light of this history and the present form of § 13-4032, it is reasonable to conclude our supreme court meant precisely what it wrote in *Lelevier* when it narrowly defined a "motion to suppress" and specified its jurisdictional implications. Moreover, under the broad interpretation of that term suggested by the state, § 13-4032(6) would authorize an appeal by the state from any court ruling that limited the state's presentation of evidence. We find it unlikely our legislature intended to create an exception that would so wholly swallow the historical rule, embodied in Arizona's statutory structure, otherwise limiting the state to cross-appeals in evidentiary matters.

¶12        *Lelevier*'s definition of a motion to suppress is in accord with contemporary sources as well. Although not defined in our statutes or rules, a "motion to suppress" is defined in *Black's Law Dictionary* as "[a] request that the court prohibit the introduction of

8

illegally obtained evidence at a criminal trial." *Id.* at 1034. The "suppression of evidence," in turn, is "[a] trial judge's ruling that evidence that a party has offered should be excluded because it was illegally acquired." *Id.* at 1454. This narrow construction of "suppression" is apparent in Rule 16, Ariz. R. Crim. P., as the court noted in *Lelevier*. *See* 116 Ariz. at 38, 567 P.2d at 784. Specifically, Rule 16.2, which provides the "[p]rocedure on pretrial motions to suppress evidence," requires the court to inform unrepresented defendants whenever a constitutional issue arises concerning the acquisition of evidence that may warrant an evidentiary hearing. *See* Ariz. R. Crim. P. 16.2(a). And the rule establishes that it is the prosecutor's burden at such a hearing to prove "the lawfulness in all respects of the acquisition of all evidence" the state intends to use at trial. Ariz. R. Crim. P. 16.2(b).

¶13 Functionally, of course, an order suppressing evidence has essentially the same effect as an order precluding it or otherwise ruling it inadmissible, and the verb "suppress" admittedly may carry a broader meaning than the court gave it in *Lelevier*. *See Black's Law Dictionary* 1454 ("suppress" means "[t]o put a stop to, put down, or prohibit; to prevent (something) from being seen, heard, known, or discussed"). Yet the statute itself forecloses a broader reading of § 13-4032(6) by distinguishing an order on a "motion to suppress" from other rulings on "question[s] of law adverse to the state," for which, as previously noted, the state may obtain review solely through cross-appeal. § 13-4032(3).

¶14 In sum, the legislature did not intend all rulings limiting the state's presentation of evidence to be appealable, *ipso facto*. Rather, "[t]he legislature, by statute, has given the

State a right to appeal from a pretrial suppression order." *State v. Million*, 120 Ariz. 10, 13, 583 P.2d 897, 900 (1978). This legislative intent must be given effect in interpreting § 13-4032(6), *see State v. Kearney*, 206 Ariz. 547, ¶ 5, 81 P.3d 338, 340 (App. 2003), and our supreme court's articulation of the law in *Lelevier* achieves just that. The state may appeal only a discrete subset of adverse evidentiary rulings under § 13-4032(6)—namely, those "granting a motion to suppress the use of evidence."[5]

¶15        We note neither §13-4032(6) nor *Levelier* leaves the state without recourse for challenging adverse pretrial evidentiary rulings unrelated to the illegal acquisition of evidence. Rather than dismissing its case and pursuing the appellate process, the state could have petitioned this court for special action relief. *See Tvedt*, 163 Ariz. 281, 283, 787 P.2d 1077, 1079 (App. 1989) (petition for special action is only avenue for review of non-appealable order); *see also State v. Schrock,* 149 Ariz. 433, 436, 719 P.2d 1049, 1052 (1986) (on review of court of appeals decision in special action, supreme court concluded trial court abused discretion in precluding state's witness for Rule 15 violation).[6] And, if its grievance arises on the verge of a trial, the state may move to stay the proceedings, first in the trial

---

[5]We note and commend the state's candid concession at oral argument that it had reassessed its position after reviewing the pre-argument draft decision issued by the court and could not effectively dispute the analysis on the jurisdictional question.

[6]In its supplemental brief and at oral argument, the state urged that if jurisdiction is found lacking under A.R.S. § 13-4032(7), this court should nevertheless exercise its special action jurisdiction to decide the merits of the issue raised. But we do not do so because there is no case pending to which any special action relief would apply, the case having been voluntarily dismissed. Moreover, if the state refiles the charges, the issues presented in this appeal may not arise, essentially rendering them moot.

court and then, if that request is denied, in the court of appeals. *See* Ariz. R. P. Spec. Actions 5; *State v. Fields*, 196 Ariz. 580, ¶ 3, 2 P.3d 670, 672 (App. 1999).

**¶16**      For the foregoing reasons, we dismiss the state's appeal for lack of jurisdiction.

_____
                                        PHILIP G. ESPINOSA, Judge

CONCURRING:

_____
GARYE L. VÁSQUEZ, Judge

_____
J. WILLIAM BRAMMER, JR., Judge