IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

FILED BY CLERK

FEB 16 2012

COURT OF APPEALS
DIVISION TWO

RICHARD ANDERSON,                    )
                                     )
            Plaintiff/Appellant,     )        2 CA-CV 2011-0027
                                     )        DEPARTMENT A
        v.                           )
                                     )        O P I N I O N
VALLEY UNION HIGH SCHOOL,            )
DISTRICT #22,                        )
                                     )
            Defendant/Appellee.      )
_____)

APPEAL FROM THE SUPERIOR COURT OF COCHISE COUNTY

Cause No. CV200701030

Honorable Stephen M. Desens, Judge

APPEAL DISMISSED

Law Offices of William R. Hobson, P.C.
 By William R. Hobson                                    Chandler

    and

Law Offices of Kevin Koelbel, P.C.
 By Kevin Koelbel                                         Chandler
                                   Attorneys for Plaintiff/Appellant

Hufford, Horstman, Mongini,
Parnell & Tucker, P.C.
 By C. Benson Hufford and Eve A. Parnell                 Flagstaff

    and

Edward G. Rheinheimer, Cochise County Attorney
  By David C. Fifer                                                    Bisbee
                                          Attorneys for Defendant/Appellee

E C K E R S T R O M, Presiding Judge.

¶1        This appeal concerns a disciplinary decision made by appellee Valley Union High School District Number 22 ("the district") to temporarily suspend one of its teachers, appellant Richard Anderson, without pay. After Anderson sought review in the superior court, the court affirmed the decision of the district's governing board. His appeal to this court followed. Because we conclude teachers' appeals from disciplinary decisions of a governing board may not be appealed beyond the superior court, we dismiss the appeal for lack of jurisdiction.

### Jurisdiction

¶2        "In the civil context, the right to appeal is not absolute but exists only by statute." *S. Cal. Edison Co. v. Peabody W. Coal Co.*, 194 Ariz. 47, ¶ 16, 977 P.2d 769, 774 (1999). "If there is no statute which provides that a judgment or order is appealable, the appellate courts of this state do not have jurisdiction to consider the merits of the question raised on appeal." *Musa v. Adrian*, 130 Ariz. 311, 312, 636 P.2d 89, 90 (1981). With our jurisdiction thus expressly provided and limited by law, Ariz. Const. art. VI, § 9; A.R.S. § 12-120.21, an appellant has a duty to identify the jurisdictional basis of an appeal under Rule 13(a)(3), Ariz. R. Civ. App. P. We, in turn, have an independent duty to confirm our jurisdiction over the appeal before us. *Robinson v. Kay*, 225 Ariz. 191, ¶ 4, 236 P.3d 418, 419 (App. 2010).

2

**¶3** In his opening brief, Anderson asserted this court has jurisdiction pursuant to what is now A.R.S. § 12-2101(A)(1).[1] That provision authorizes appeals to this court "[f]rom a final judgment entered in an action or special proceeding commenced in a superior court, or brought into a superior court from any other court," except certain forcible entry and detainer actions. *Id.* Anderson's appeal to the superior court was neither "commenced" in that court nor "brought into [the] superior court from . . . [an]other court" under the terms of § 12-2101(A)(1). Indeed, appeals to the superior court ordinarily are not appealable to this court under that provision. *See Sanders v. Moore*, 117 Ariz. 527, 528, 573 P.2d 927, 928 (App. 1977) (language authorizing appeals from cases "'brought into a superior court from any other court' . . . refers to cases transferred or brought into superior court by some process other than appeal"). We therefore lack jurisdiction on the ground asserted.

**¶4** Anderson contends his appeal to the superior court was "commenced" in that court within the meaning of § 12-2101(A)(1) because the proceedings there began with the filing of a "Complaint." He acknowledges, however, that such a filing only "invoke[s] the superior court's appellate jurisdiction." That being so, substance controls over form. Courts are not bound by labels. *State v. Brown*, 9 Ariz. App. 323, 326, 451 P.2d 901, 904 (1969). Even when the superior court conducts a "trial de novo," the court

---

[1]This portion of the statute, formerly § 12-2101(B), was renumbered on July 20, 2011, days after Anderson submitted his brief. *See* 2011 Ariz. Sess. Laws, ch. 304, § 1; *see also* Ariz. Const. art. IV, pt. 1, § 1(3) (absent express provision, laws not operative until ninety days after close of legislative session).

3

is still functioning in an appellate capacity for jurisdictional purposes. *See, e.g.*, *Sanders*, 117 Ariz. at 527, 528, 573 P.2d at 927, 928.

¶5 This court's jurisdiction, therefore, depends upon a statutory right to review the superior court's decision in this court. The question we must address is whether the governing board's decision (or the superior court's ruling with respect to that decision) is "permitted by law to be appealed from the superior court." § 12-120.21(A)(1). This is a question of law and statutory interpretation we review de novo. *See State v. Bejarano*, 219 Ariz. 518, ¶ 2, 200 P.3d 1015, 1016-17 (App. 2008).

¶6 In supplemental briefing permitted by this court, Anderson asserted we may hear his appeal pursuant to A.R.S. § 15-543 and several other laws supposedly incorporated in it by reference. The district, which previously had presumed we had jurisdiction under § 12-2101, reversed its position in light of its legal research, stated it could find "no clear statutory basis" for an appeal to this court, and moved to dismiss for lack of jurisdiction. Although Anderson cited a score of cases in his supplemental brief where appellate courts have entertained appeals concerning employment decisions affecting teachers, he acknowledges the long-recognized principle that unless a case expressly raises and discusses the issue of jurisdiction, it does not stand as authority for the existence of jurisdiction. *Sarwark v. Thorneycroft*, 123 Ariz. 1, 2, 596 P.2d 1173, 1174 (App.), *approved*, 123 Ariz. 23, 597 P.2d 9 (1979); *accord State v. Mohajerin*, 226 Ariz. 103, ¶ 6, 244 P.3d 107, 110 (App. 2010). Despite Anderson's inability to identify authority for the existence of appellate jurisdiction here, he maintains it is unlikely "all the judges in these cases neglected their duty to determine jurisdiction." We find to the

4

contrary. Given the long history and relative complexity of our public education laws, it is understandable how an absence of jurisdiction could be overlooked by courts as well as experienced practitioners in the field. *Cf. Bejarano*, 219 Ariz. 518, ¶ 5, 200 P.3d at 1017 (noting inappropriate exercise of appellate jurisdiction spanning decades). We turn, then, to the principal statute at issue, § 15-543.

¶7 The parties agree that a teacher such as Anderson has a right to seek review of a disciplinary decision of the district's governing board in the superior court pursuant to § 15-543. The statute provides as follows:

> A. The decision of the governing board is final unless the certificated teacher files, within thirty days after the date of the decision, an appeal with the superior court in the county within which he was employed.
>
> B. The decision of the governing board may be reviewed by the court in the same manner as the decision made in accordance with the provisions of [A.R.S.] § 41-785. The proceeding shall be set for hearing at the earliest possible date and shall take precedence over all other cases, except older matters of the same character and matters to which special precedence is otherwise given by law.

Under Anderson's view, § 15-543(B) is the starting point of a statutory "road map" that leads to a right of appeal in this court. We disagree.

¶8 When construing a statute, our goal is to discern and give effect to the intent of the legislature that enacted it. *People's Choice TV Corp. v. City of Tucson*, 202 Ariz. 401, ¶ 7, 46 P.3d 412, 414 (2002); *State v. Williams*, 175 Ariz. 98, 100, 854 P.2d 131, 133 (1993). Because the language of a statute is the best and most reliable indicator of the legislature's intent, we apply that language whenever it is clear and unambiguous,

5

without resorting to any other means of interpretation. *Janson v. Christensen*, 167 Ariz. 470, 471, 808 P.2d 1222, 1223 (1991). "A statute is clear and unambiguous when it admits of only one meaning." *Parrot v. DiamlerChrysler Corp.*, 212 Ariz. 255, ¶ 7, 130 P.3d 530, 532 (2006). To determine whether a statute is ambiguous, we consider the various provisions making up the entire statute. *See State v. Sweet*, 143 Ariz. 266, 269-70, 693 P.2d 921, 924-25 (1985); *In re 1996 Nissan Sentra*, 201 Ariz. 114, ¶ 8, 32 P.3d 39, 42 (App. 2001).

¶9        We find the plain language of § 15-543 unambiguously does not allow an appeal to this court. Section 15-543(B) directs "the court"—that is, "the superior court" considering the appeal under § 15-543(A)—to review the board's decision "in the same manner as the decision made in accordance with the provisions of § 41-785." This language specifying "the . . . manner" in which "the court" is to conduct the appeal concerns the superior court and the way in which it will consider the appeal. § 15-543(B). It does not give a "party" a "right" to appeal to the court of appeals. To hold otherwise would be to disregard the natural, obvious, and ordinary meanings of the terms used in the statute, *see Simpson v. Owens*, 207 Ariz. 261, ¶ 33, 85 P.3d 478, 489 (App. 2004), or to impermissibly read subsection (B) in isolation from subsection (A) so as to create an ambiguity where none exists.

¶10        Even were we to find the precise meaning of the reference to § 41-785 unclear from the text of these statutes, our resolution of that ambiguity would not lead us to the conclusion Anderson desires. "When a statute is ambiguous or unclear, . . . 'we attempt to determine legislative intent by interpreting the statutory scheme as a whole and

6

consider "the statute's context, subject matter, historical background, effects and consequences, and spirit and purpose.'""" *Hughes v. Jorgenson*, 203 Ariz. 71, ¶ 11, 50 P.3d 821, 823 (2002), *quoting UNUM Life Ins. Co. v. Craig*, 200 Ariz. 327, ¶ 12, 26 P.3d 510, 513 (2001). In context, the statutory cross-reference in § 15-543(B) means that the grounds for relief and standards of review set forth in the subsections of § 41-785(F) apply to appeals in the superior court. In other words, to obtain relief on appeal to the superior court, teachers are required to show the board's decision was either:

> 1. Founded on or contained error of law which shall specifically include error of construction or application of any pertinent rules[;]
>
> 2. Unsupported by any evidence as disclosed by the entire record[;]
>
> 3. Materially affected by unlawful procedure[;]
>
> 4. Based on a violation of any constitutional provision[; or]
>
> 5. Arbitrary or capricious.

§ 41-785(F)(1)–(5). The superior court thus has a limited appellate role; it does not conduct a review "de novo" as it once did in such matters. *See* 1949 Ariz. Sess. Laws, ch. 52, § 5 (codified at Ariz. Code Ann., § 54-1013 (Supp. 1952)); *see also Fulton v. Dysart Unified Sch. Dist. No. 89*, 133 Ariz. 314, 318, 651 P.2d 369, 373 (App. 1982) ("The adoption, in A.R.S. § 15-543 of the limited scope of review prescribed by A.R.S. § 41-785, represents a departure from the prior law which had permitted the superior court to hear and determine matters de novo.").

¶11 Under the broader interpretation of § 15-543(B) urged by Anderson, the reference to § 41-785 means considerably more than this. It incorporates not only subsection (F) but also subsection (G) of this statute,[2] effectively making the appeal governed by "title 12, chapter 7, article 6" of our code—that is, the Judicial Review of Administrative Decisions Act (JRADA), A.R.S. §§ 12-901 through 12-914—and granting a teacher the right to appeal to this court "the order of the superior court . . . as in other civil cases." § 41-785(G). This construction is problematic for a number of reasons.

¶12 First, the construction finds little support in the language of the statute. As noted above, § 15-543(B) directs "the court" to undertake its review in "the . . . manner" that it would a board's decision under § 41-785. Construing this language to incorporate § 41-785(G) thus makes little textual sense. That provision reads: "An appeal shall be available to the court of appeals from the order of the superior court pursuant to title 12, chapter 7, article 6 as in other civil cases." Were we to so read the provisions of § 15-543(B) and § 41-785(G) together, we would require the superior court to review the governing board's decision "in the same manner" as "[a]n appeal shall be available to the

---

[2]Section 41-785 provides, in relevant part:

> F. Any party may appeal the decision of the [state personnel] board pursuant to title 12, chapter 7, article 6 to the superior court in the employee's county of residence on one or more of the following grounds . . . .

> G. An appeal shall be available to the court of appeals from the order of the superior court pursuant to title 12, chapter 7, article 6 as in other civil cases.

court of appeals from the order of the superior court," which is nonsense. At most, the manner clause of § 15-543(B) may be construed to incorporate provisions within JRADA affecting court procedures. But even so, this is an argument merely for the incorporation of a portion of § 41-785(F), specifically the portion directing the superior court to review the appeal "pursuant to title 12, chapter 7, article 6"; incorporation of the right to appeal under § 41-785(G) does not follow.

¶13        The second and no less significant problem with Anderson's interpretation is that a school district is a political subdivision of the state. A.R.S. § 15-101(21); *Amphitheater Unified Sch. Dist. No. 10 v. Harte*, 128 Ariz. 233, 234, 624 P.2d 1281, 1282 (1981). It is not an administrative agency. *See* § 12-901(1). As such, it generally is excluded from JRADA. *See* § 12-902(A)(1). Furthermore, JRADA, which also is known as the Administrative Review Act,[3] is "not complementary to other statutory review proceedings." *Sarwark*, 123 Ariz. at 4, 596 P.2d at 1176; *accord Knape v. Brown*, 86 Ariz. 158, 160-61, 342 P.2d 195, 197 (1959). "[I]f any independent statutory review is provided, the Administrative Review Act is not applicable." *Sarwark*, 123 Ariz. at 4, 596 P.2d at 1176.

¶14        Evidence of incompatibility is readily apparent from the conflicting provisions in §§ 15-543, 41-785, and JRADA. Section 15-543(A), for example, specifies the deadline by which a teacher must appeal (thirty days from the date of the board's

---

[3]*See Smith v. Ariz. Citizens Clean Elections Comm'n*, 212 Ariz. 407, n.3, 132 P.3d 1187, 1193 n.3 (2006); *Pima Cnty. v. Ariz. Dep't of Revenue*, 114 Ariz. 275, 278, 560 P.2d 793, 796 (1977).

decision) and a particular venue for the appeal (the county of employment). JRADA, in contrast, allows thirty-five days to file an appeal from an administrative decision, which is measured from the date of service of the decision. § 12-904(A). Section 41-785(F) also allows an appeal in a different venue, namely "the employee's county of residence." Further, § 15-543(A) specifies a particular party who may appeal—a "certificated teacher"—whereas § 41-785(F) allows "[a]ny party" to appeal. The obvious conflicts in these statutes strongly suggest the legislature did not intend § 15-543 to fully incorporate any of the provisions of § 41-785, much less JRADA as a whole. And the history of our teachers' appeal statutes lends further support to this view.

¶15        When our teachers' appeal statute originally was codified in the Arizona Revised Statutes,[4] it shared the two-part form of the current § 15-543. Subsection (A) specified the time for the appeal and the superior court that would hear it, while subsection (B) specified the manner in which the court's review would occur, namely by an expedited "de novo" hearing. Former A.R.S. § 15-255 (1956); *see also* 1965 Ariz. Sess. Laws, ch. 74, § 2. In 1974, our legislature did away with this de novo review and overhauled the teacher-appeal process, making reference to § 41-785 for the first time. *See* 1974 Ariz. Sess. Laws, ch. 60, §§ 2-3.

¶16        Under the prior statutory regime, "hearings were held by the board, which then acted as the authority for hiring, accusing, fact finding, and adjudicating." *Knollmiller v. Welch*, 128 Ariz. 34, 35, 623 P.2d 823, 824 (App. 1980); *see* 1965 Ariz. Sess. Laws, ch. 74, § 1. Under the subsequent 1974 regime, a "neutral hearing

---

        [4]*See* 1956 Ariz. Sess. Laws, 3d Spec. Sess., ch. 3, § 1.

10

commission" would first "conduct[] a hearing and make[] a summary of findings in accordance with the provisions of A.R.S. [§] 41-785," and then make recommendations to the governing board, which could either accept or reject them. *Knollmiller*, 128 Ariz. at 35, 623 P.2d at 824; *accord Fulton*, 133 Ariz. at 317-18, 651 P.2d at 372-73; *Bd. of Educ. of Tempe Union High Sch. Dist. v. Lammle*, 122 Ariz. 522, 525-26, 596 P.2d 48, 51-52 (App. 1979); *see* 1974 Ariz. Sess. Laws, ch. 60, § 3 (former A.R.S. § 15-262). A teacher's appeal thus largely mirrored a state employee's appeal from a personnel decision under § 41-785. None of the incompatibilities noted above then existed with respect to this statute.

¶17 In the 1974 laws, judicial review was authorized under the former A.R.S. § 15-264, which stated:

> The decision of the governing board may, on appeal of a continuing teacher, be reviewed by *a court of competent jurisdiction* in the same manner as the decision made in accordance with the provisions of section 41-785. The proceeding shall be set for hearing at the earliest possible date and shall take precedence over all other cases, except older matters of the same character and matters to which special precedence is otherwise given by law.

1974 Ariz. Sess. Laws, ch. 60, § 3 (emphasis added). At the time, § 41-785(D) provided the time for filing an appeal with the superior court and the grounds on which relief could be sought; § 41-785(E) provided the rules for filing and serving a notice of appeal, as well as the procedure for preparing and transmitting the record to the superior court; and § 41-785(F) specified how courts were to address and dispose of the appeal. 1972 Ariz. Sess. Laws, ch. 141, § 4. Section 41-785(F) provided, in full:

11

> The [superior] court shall review the hearing on the basis of the transcript and exhibits, except that in case of alleged irregularity in procedure by the personnel board not shown by the transcript, the court may order further testimony. The court shall upon request by either party hear oral arguments and receive written briefs. The court may affirm the order of the personnel board, remand the matter for further proceedings before the board, or reverse or modify the order. *Appeal shall be available to the courts of appeal from the order of the superior court as in other civil cases.*

1972 Ariz. Sess. Laws, ch. 141, § 4 (emphasis added). When title 15 was repealed and overhauled in 1981, § 15-264 was renumbered as § 15-543 but otherwise was left unaltered. 1981 Ariz. Sess. Laws, ch. 1, §§ 1-2; *see Siglin v. Kayenta Unified Sch. Dist. No. 27*, 134 Ariz. 233, 234-35 & 235 n.2, 655 P.2d 353, 354-55 & 355 n.2 (App. 1982) (noting renumbering and identical appeal provisions under § 41-785(F)). Were this still the language of our present code, we unquestionably would have jurisdiction over the current appeal. But it is not so today.

¶18     In 1983, the legislature made a number of educational reforms and again overhauled the laws relating to teacher discipline and appeals. *See* 1983 Ariz. Sess. Laws, ch. 281, §§ 1-17. Most notably, the legislature did away with the 1974 commission process and returned both hearing and dismissal powers to a school district's governing board. *See* 1983 Ariz. Sess. Laws, ch. 281, §§ 11-14. In so doing, the legislature repealed and replaced the former § 15-543 with the current version of the statute,[5] omitting the prior language that had allowed an appeal to "a court of competent

---

[5]Minor amendments made to § 15-543 in 1986 are irrelevant to our analysis. *See* 1986 Ariz. Sess. Laws, ch. 399, § 15.

12

jurisdiction." *See* 1983 Ariz. Sess. Laws, ch. 281, §§ 16-17. The modern version of the law thus expressly provided a right of appeal to "the superior court," just like the mid-century statute that preceded it, under which no further appeal was expressly available. *See* former A.R.S. § 15-255 (1956).

¶19         In 1983, the legislature also made substantial changes to § 41-785, referring to JRADA therein for the first time. 1983 Ariz. Sess. Laws, ch. 98, § 166. The legislature did not, however, address the meaning of the continued reference to § 41-785 in § 15-543 in any of the legislative materials examined by this court.[6] It neither noted nor attempted to harmonize any conflicts. We have discovered nothing in these legislative materials manifesting an intention to give a teacher a right of appeal to the court of appeals. In any event, "legislative history need not confirm the details of changes in the law effected by statutory language before we will interpret that language according to its natural meaning." *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 385 n.2 (1992).

¶20         We note that review by a superior court fully serves the legislature's purpose in seeing that disciplinary decisions by a governing board are legally rendered, procedurally regular, and founded upon adequate evidence. This court possesses no special skills or knowledge making it a more competent body to review school districts' disciplinary decisions. If an appeal were allowed to this court after one already had been

---

[6]*See generally Minutes of H. Comm. on Educ.*, 36th Leg., 1st Reg. Sess. (Ariz. Mar. 9 & 11, 1983); *H.B. Summary for HB 2354*, 36th Leg., 1st Reg. Sess., at 73-74 (Ariz. 1983); *Minutes of S. Comm. on Educ.*, 36th Leg., 1st Reg. Sess., at 2-4 (Ariz. Apr. 7, 1983); *S. Fact Sheet for HB 2354*, 36th Leg., 1st Reg. Sess. (Ariz. Apr. 8, 1983).

provided in the superior court, it would be a redundant proceeding. And we will not presume the legislature intended such redundancy in the absence of a clear statutory directive.

¶21 The foregoing demonstrates, if nothing else, that "[t]he legislature is capable of saying what it means." *In re Estate of Newman*, 219 Ariz. 260, ¶ 47, 196 P.3d 863, 875 (App. 2008). If the legislature had wished to create a right of appeal to the court of appeals, it was capable of saying so expressly in § 15-543, just as it did in § 41-785(G). Or the legislature could have used the phrase "a court" or "a court of competent jurisdiction" in § 15-543(B), just as it had in the predecessor statute. That the legislature instead deliberately avoided such language tells us that this was not its intention. In sum, we find the language in § 15-543(B) specifying "the . . . manner" in which "the court" is to review an appeal—whatever it means with respect to the procedural provisions in JRADA or the Rules of Procedure for Judicial Review of Administrative Decisions— does not give a right of appeal to this court. We therefore hold that a teacher may not appeal beyond the superior court a disciplinary decision of a governing board pursuant to § 15-543.

¶22 We note, however, that our supreme court may wish to resolve any ambiguity and dispel any lingering doubts about our appellate jurisdiction in these matters. Historically, the court has alternated from the view that teachers' appeals from disciplinary actions will be granted only a limited form of judicial review in the superior court, not including a jury trial, *see Anthony v. Phx. Union High Sch. Dist.*, 55 Ariz. 265, 271, 273, 100 P.2d 988, 991-92 (1940), *overruled in part by Johnson v. Bd. of Educ.*, 101

14

Ariz. 268, 274, 419 P.2d 52, 58 (1966), to the view that teachers are permitted jury trials when they cast their disciplinary grievances as contract disputes and invoke the superior court's jurisdiction over such matters. *See Johnson*, 101 Ariz. at 270, 274, 419 P.2d at 54, 58. That the legislature has signaled its intention to prescribe a limited right of appeal from disciplinary decisions is, we believe, beyond dispute given the evolution of our laws. *Johnson*, in other words, has been superseded by statutory changes. A teacher simply may not bypass a statutory appeal procedure—be it that provided by § 15-543 or, more broadly, by § 41-785 and JRADA—by initiating a contract action. But the topic is one that is especially appropriate for consideration by our high court.

**Disposition**

¶23 For the foregoing reasons, we dismiss Anderson's appeal for lack of jurisdiction.

/s/ *Peter J. Eckerstrom*
PETER J. ECKERSTROM, Presiding Judge

CONCURRING:

/s/ *J. William Brammer, Jr.*
J. WILLIAM BRAMMER, JR., Judge

/s/ *Philip G. Espinosa*
PHILIP G. ESPINOSA, Judge

15