NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA ex rel. WILLIAM G. MONTGOMERY, Maricopa
County Attorney, *Petitioner*,

*v.*

THE HONORABLE JOSE PADILLA, Judge of the SUPERIOR COURT OF
THE STATE OF ARIZONA, in and for the County of MARICOPA,
*Respondent Judge,*

MATTHEW COLVIN, *Real Party in Interest.*

No. 1 CA-SA 16-0148
FILED 8-9-2016

Petition for Special Action from the Superior Court in Maricopa County
No.  CR2015-153609-001 DT
The Honorable Jose S. Padilla, Judge

**JURISDICTION ACCEPTED; RELIEF GRANTED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Adena J. Astrowsky
*Counsel for Petitioner*

Law Office of Carrie M. Spiller, PLLC, Phoenix
By Carrie M. Spiller
*Counsel for Real Party in Interest*

**MEMORANDUM DECISION**

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Samuel A. Thumma joined.

J O N E S, Judge:

**¶1**        The State petitions for special action review of the trial court's order determining audio recordings of a victim's 9-1-1 telephone calls were cumulative and, therefore, inadmissible.  For the following reasons, we accept jurisdiction and grant relief by vacating the court's order.

## FACTS AND PROCEDURAL HISTORY

**¶2**        In the course of its prosecution of Matthew Colvin for the alleged unlawful imprisonment and assault of Lisa F., the State disclosed audio recordings of two 9-1-1 telephone calls made by Lisa and a return call initiated by the dispatcher after Lisa disconnected the second call.  The calls were all made during the course of events that gave rise to the charges against Colvin.  At a bench conference held during voir dire, the trial court entered an order precluding the audio recordings of the 9-1-1 telephone calls on the basis that they would be cumulative to Lisa's anticipated trial testimony.[1]  The court did so on its own motion, without listening to the recordings, holding a hearing, or permitting the parties to provide additional briefing or argument on their admissibility.

**¶3**        The State made an unsuccessful motion for reconsideration, and this petition followed.  In the exercise of our discretion, we accept jurisdiction, recognizing the State has no adequate remedy by appeal.  *See* Ariz. R.P. Spec. Act. 1(a); *State ex rel. Romley v. Fields*, 201 Ariz. 321, 323, ¶ 4 (App. 2001); *see also* Ariz. Rev. Stat. § 13-4032 (2016); *Rolph v. Mesa City*

---

[1]        Colvin argues the trial court never ruled on the admissibility of the 9-1-1 recordings, instead offering only its "leanings toward the[ir] admissibility."  However, the State clearly evidenced its understanding that a ruling had been made when it filed a "Motion to Reconsider Court's Order Precluding 911 Evidence as Cumulative."  And, in summarily denying the motion to reconsider, the court offered no explanation to suggest it considered the issue unresolved or the motion premature.

*Court*, 127 Ariz. 155, 158 (1980) ("The state is not authorized to appeal from a judgment of acquittal . . . even though 'the acquittal was based upon an egregiously erroneous foundation.'") (quoting *Arizona v. Washington*, 434 U.S. 497, 503 (1978)).

**DISCUSSION**

**¶4**   The State argues the trial court's order precluding the 9-1-1 calls was error.  We review evidentiary rulings for an abuse of discretion. *State ex rel. Montgomery v. Padilla*, 238 Ariz. 560, 564, ¶ 12 (App. 2015) (citing *State v. Bernstein*, 237 Ariz. 226, 228, ¶ 9 (2015)).  A trial court abuses its discretion when a "discretionary conclusion was reached without consideration of the evidence." *Grant v. Ariz. Pub. Serv. Co.*, 133 Ariz. 434, 455-56 (1982) (supplemental op.) (citing *Knollmiller v. Welch*, 128 Ariz. 34, 36-37 (App. 1980)).

**¶5**   There is no apparent dispute regarding the relevancy of the 9-1-1 calls; therefore, they are admissible unless there is some basis to exclude them.  *See* Ariz. R. Evid. 402.  Relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . needlessly presenting cumulative evidence."  Ariz. R. Evid. 403.  The balancing test contemplated by Rule 403 is a fact- and context-intensive inquiry, requiring examination of various factors, including the specific relevant evidence at issue, the other evidence received at trial, and the nature of the charges.  *See Hudgins v. Sw. Airlines, Co.*, 221 Ariz. 472, 481, ¶ 13 (App. 2009) (noting "'probative value' and 'the danger of unfair prejudice' are not easily quantifiable factors") (citing *State v. Gibson*, 202 Ariz. 321, 324, ¶ 17 (2002)).  Generally, the trial court is in the best position to perform this balancing test.  *State v. Spencer*, 176 Ariz. 36, 41 (1993) ("Rule 403 weighing is best left to the trial court.") (citing *State v. Robles*, 135 Ariz. 92, 95 (1983)).

**¶6**   The trial court here precluded the 9-1-1 calls without knowing either the substance of Lisa's trial testimony or the contents of the recordings.  The court did not make and, without having reviewed this information, could not have made, any findings regarding the probative value of the calls or the extent to which their content would overlap with, rather than corroborate, Lisa's proposed testimony.  This record does not reflect a proper balancing in finding the calls inadmissible under Rule 403.  Nor could the court properly evaluate whether Lisa's statements within the 9-1-1 calls were separately admissible as a present sense impression or an excited utterance pursuant to Arizona Rule of Evidence 803(1) and (2) without having heard them.  For these reasons, the court had no basis upon which to make an admissibility determination and thereby erred.

**CONCLUSION**

¶7       We accept jurisdiction and grant relief by vacating the trial court's order.



Ruth A. Willingham · Clerk of the Court
FILED: AA